UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

KRISTEN H. QUIGLEY     *
1520 Elliot Place
Washington, D.C. 20007     *

    And     *

JAMES QUIGLEY     *
1520 Elliot Place
Washington, D.C. 20007     *

    Plaintiffs     *

                            CIVIL ACTION NO.:
v.     *

WENDY J. COLLINS     *
245 Church Gate Lane
Gaithersburg, MD 20878     *

    And     *

MICHAEL ANTHONY COLLINS     *
3819 Boteler Road
Mt. Airy, MD 21771     *

    And     *

MARK STEVEN MCDOWELL     *
15017 Fort Trail
Accokeek, MD 20607     *

    And     *

BILMIN COMPANY, INC.     *
8517 Grovemont Circle
Gaithersburg, MD 20817     *
Serve: A. Howard Metro, Resident Agent
       Samek, McMillan & Metro     *
       1901 Research Blvd., Suite 220
       Rockville, MD 20850     *

    And     *

```
AMICAL MUTUAL INSURANCE        *
COMPANY
6240 Old Dobbin Lane Suite 190  *
Columbia, MD 21045
                                *
      Defendants
                                *
```

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant Amica Mutual Insurance Company ("Amica"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal and states:

1. On or about September 18, 2007, Plaintiffs Kristen Quigley and James Quigley filed a Complaint seeking damages against Amica related to an uninsured and/or underinsured motorist insurance policy issued to the Plaintiffs. The Complaint was filed in the Superior Court for the District of Columbia and assigned Case No. 2007 CA 006353 B ("D.C. Court Action"). The Complaint in the D.C. Court Action was served on Amica on or about September 25, 2007.

2. The Complaint alleges that the Plaintiffs are residents of Washington, D.C.

3. Amica is a Rhode Island Corporation and has its principal place of business in Liincoln, Rhode Island.

4. Within this same action, Plaintiffs have brought tort claims against the Co-Defendants. All Co-Defendants are alleged to be residents of Maryland.

5. The Complaint seeks compensatory damages and alleges an amount in controversy in excess of $75,000. This cause of action is subject to the original

ND: 4847-7070-6433, v. 1

jurisdiction of this Court under 28 U.S.C. §1332; and, therefore, may be removed to this Court pursuant to 28 U.S.C. §1441(a).

6. This Notice is timely filed under 28 U.S.C. §1446(b).

7. Amica will file and serve its initial pleading in response to the Complaint within five (5) days in accordance with Rule 81(c), *Fed.R.Civ.P.*, or within such time as the Court deems appropriate to enlarge the time for filing.

8. A true and correct copy of the Notice of Filing Notice of Removal, which has been filed in the D.C. Court Action contemporaneously herewith, is attached hereto as Exhibit "A."

9. Copies of all prior pleadings and papers filed in the D.C. Court Action of which Defendant is aware are attached hereto as Exhibit "B."

Respectfully submitted,

/s/ Paul M. Finamore
PAUL M. FINAMORE
Federal Bar #: 423410

/s/ Brett A. Buckwalter
BRETT A. BUCKWALTER
Federal Bar #: 478382
Niles, Barton & Wilmer, LLP
111 S. Calvert Street
Suite 1400
Baltimore, MD 21202
Telephone (410) 783-6300
Fax (410) 783-6410
pmfinamore@niles-law.com
babuckwalter@niles-law.com
**Attorneys for Defendant**

ND: 4847-7070-6433, v. 1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th + 17th day of October, 2007, a copy of the foregoing Notice of Removal was e-filed and mailed, first class, postage prepaid to:

> Joseph J. Mulhern
> Mulhern, Patterson & Marshall, LLP
> 77 West Street, Suite 110
> Annapolis, MD 21401
> **Attorney for Plaintiffs**
>
> Wendy J. Collins
> 245 Church Gate Lane
> Gaithersburg, MD 20878
>
> Michael Anthony Collins
> 3819 Boteler Road
> Mt. Airy, MD 21771
>
> Mark Steve McDowell
> 15017 Fort Trail
> Accokeek, MD 20607
>
> Bilmin Company, Inc.
> 8517 Grovemont Circle
> Gaithersburg, MD 20817
> > Serve: A. Howard Metro, Resident Agent
> > Samek, McMillan & Metro
> > 1901 Research Blvd., Suite 220
> > Rockville, MD 20850

/s/ Brett A. Buckwalter
BRETT A. BUCKWALTER

ND: 4847-7070-6433, v. 1

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| KRISTEN H. QUIGLEY, et al. | * |
| Plaintiffs | * |
| v. | * C.A. No.: 2007 CA 006353B |
| | Judge Judith E. Retchin |
| WENDY J. COLLINS, et al. | * |
| Defendants | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### NOTICE OF FILING NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Amica Mutual Insurance Company has filed Defendant's Notice of Removal, a copy of which is attached hereto, in the office of the Clerk of the United States District Court for the District of Columbia.

/s/ Paul M. Finamore
PAUL M. FINAMORE
Bar #: 423410

/s/ Brett A. Buckwalter
BRETT A. BUCKWALTER
Bar #: 478382
Niles, Barton & Wilmer, LLP
111 S. Calvert Street
Suite 1400
Baltimore, MD 21202
Telephone (410) 783-6300
Fax (410) 783-6410
pmfinamore@niles-law.com
babuckwalter@niles-law.com
**Attorneys for Defendant**


EXHIBIT A

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of October, 2007, a copy of the foregoing Notice of Filing Notice of Removal was e-filed and mailed, first class, postage prepaid to:

Joseph J. Mulhern
Mulhern, Patterson & Marshall, LLP
77 West Street, Suite 110
Annapolis, MD 21401
**Attorney for Plaintiffs**

Wendy J. Collins
245 Church Gate Lane
Gaithersburg, MD 20878

Michael Anthony Collins
3819 Boteler Road
Mt. Airy, MD 21771

Mark Steve McDowell
15017 Fort Trail
Accokeek, MD 20607

Bilmin Company, Inc.
8517 Grovemont Circle
Gaithersburg, MD 20817
    Serve: A. Howard Metro, Resident Agent
        Samek, McMillan & Metro
        1901 Research Blvd., Suite 220
        Rockville, MD 20850

/s/ Brett A. Buckwalter
BRETT A. BUCKWALTER

RECEIVED
SEP 2 5 2007
Baltimore Claims

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Divison

RECEIVED
2007 SEP 18 P 12: 16
DISTRICT OF COLUMBIA COURTS

KRISTEN H. QUIGLEY :
1521 Elliott Place
Washington, D.C. 20007 :
    and
JAMES QUIGLEY :
1521 Elliott Place
Washington, D.C. 20007 :

    Plaintiffs :     0006353-07

v. :     CIVIL ACTION NO. _____

WENDY J. COLLINS :
245 Church Gate Lane
Gaithersburg, MD 20878 :
    and
MICHAEL ALNTHONY COLLINS :
3819 Boteler Road
Mt. Airy, MD 21771-7313 :
    and
MARK STEVEN McDOWELL :
15017 Fort Trail
Accokeek, MD 20607 :
    and
BILMIN COMPANY, INC. :
8517 Grovemont Circle
Gaithersburg, MD 20817
SERVE: A. Howard Metro, Resident Agent
    Samek, McMillan & Metro :
    1901 Research Blvd., Suite 220
    Rockville, MD 20850 :
    and
AMICA MUTUAL INSURANCE COMPANY :
6240 Old Dobbin Lane, Suite 190
Columbia, MD 21045

    Defendants :

RECEIVED
Civil Clerk's Office
SEP 18 2007
Superior Court of the
District of Columbia
Washington, D.C.

EXHIBIT B

RECEIVED
SEP 2 5 2007
Baltimore Claims

## COMPLAINT

Come now the Plaintiffs, Kristen H. Quigley and James Quigley, by and through their attorneys, Joseph J. Mulhern and Mulhern, Patterson & Marshall, LLP, and file this Complaint alleging as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Honorable Court is founded on D.C. Code (1981 Edition), Section 11-921.

2. At all times mentioned herein Defendant Wendy J. Collins, was the operator of a Ford Explorer motor vehicle.

3. At all times mentioned herein Defendant Michael Anthony Collins was the owner of the Ford Explorer operated by the Defendant Wendy J. Collins, with his express consent and acting as his agent, servant and/or employee.

4. At all times mentioned herein Defendant Mark Steven McDowell was the operator of a motor vehicle owned by the Defendant Bilmin Company, Inc., with its express permission and as its agent, servant and/or employee.

5. That on or about September 20, 2004, at approximately 6:15 p.m., Plaintiff Kristen H. Quigley was operating a motor vehicle northwest bound in the 4500 block of MacArthur Boulevard, N.W., Washington, D.C., a public street, highway or thoroughfare in the District of Columbia. At the time and place aforesaid Defendants Wendy J. Collins and Mark Steven McDowell were operating their motor vehicles southeast bound on MacArthur Boulevard, N.W., when they negligently and carelessly operated their motor vehicles so as to

cause a collision with the Plaintiff's motor vehicle, causing Plaintiff, Kristen H. Quigley, to sustain the injuries and damages hereinafter alleged.

6. The Defendants, Wendy J. Collins and Mark Steven McDowell, in addition to the negligence and carelessness heretofore mentioned, otherwise carelessly and negligently operated their motor vehicles as hereinafter alleged.

RECEIVED
SEP 2 5 2007
Baltimore Claims

   a. Failing to obey the rules of the road;

   b. Failing to keep proper lookout;

   c. Failing to have and/or keep said motor vehicle under proper control;

   d. Failing to give full time and attention to their driving;

   e. Operating their vehicles at a dangerous speed under the conditions;

   f. Failing to yield the right of way;

   g. Failing to stop to avoid a collision;

   h. Driving their vehicles to the left of the center line;

   i. Colliding.

Further, said Defendants' motor vehicles were operated and managed in such a manner as to violate statutory regulations governing traffic and motor vehicles in the District of Columbia, and Defendants were otherwise negligent and careless.

7. As a direct and proximate result of the impact of the collision, the Plaintiff, Kristin H. Quigley, was caused to sustain personal injuries and she was otherwise injured. She also sustained sever shock to her nervous system and was otherwise internally and externally injured and has and will suffer permanent loss of health and mental and physical power thereby.

8. That the Plaintiff, Kristen H. Quigley, has suffered and will suffer for a long time in the future great bodily pain and mental anguish. That she has and will in the future be obliged

RECEIVED
SEP 2 5 2007
Baltimore Claims

to undergo hospitalization and extensive medical care and treatment, all attended with pain and suffering and said injuries have a permanent affect upon her health and well being. She was rendered totally and partially incapacitated and sustained property damage and rental expenses.

9. That the sustained injuries have caused and will in the future cause Plaintiff, Kristen H. Quigley, to pay and/or incur expenses for hospitalization and medical care and treatment, incurred and in the future will incur loss of earnings and other damages.

## COUNT II

10. Plaintiffs repeat and reallege each and every allegation contained in Count I of this Complaint with like effect as though fully set forth herein.

11. At the time and place aforesaid, the Plaintiffs, Kristen H. Quigley and James Quigley, were Husband and Wife, having been married on May 15, 2004.

12. That as a further and direct result of the negligence of the Defendants as set forth in Count I above, and as a direct result of the accident and the injuries suffered by the Plaintiff Kristen H. Quigley, the parties Kristen H. Quigley and James Quigley, jointly suffered a loss of society, companionship, affection, assistance, conjugal fellowship, and their marriage was otherwise damaged and injured.

## COUNT III

13. Plaintiffs repeat and reallege each and every allegation contained in Counts I and II of this Complaint, with like effect as though fully set forth herein.

14. That at the time and place aforesaid the Plaintiffs, Kristen H. Quigley and James Quigley, were insured and/or third party beneficiaries by virtue of an insurance contract with

RECEIVED
SEP 2 5 2007
Baltimore Claims

Defendant, AMICA Mutual Insurance Company, whereby Defendant AMICA provided insurance coverage to the Plaintiffs for appropriate uninsured and/or underinsured motorist benefits in the event either or both of them were injured in an automobile accident as set forth hereinabove.

    15.    That Plaintiffs allege that Defendants, Wendy J. Collins, Michael Anthony Collins, Mark Steven McDowell, and/or Bilmin Company, Inc., were an uninsured and/or underinsured motorist at the time of this accident. Furthermore, Defendants may allege that an unknown motorist caused or contributed to the accident resulting in the injuries and damages to the Plaintiffs. Plaintiffs therefore make claims against AMICA Mutual Insurance Company for benefits under the aforesaid insurance contract, for all damages which said Plaintiffs are entitled to as a result of the aforesaid negligence and carelessness of Defendants or any unknown motorist.

    WHEREFORE, Plaintiffs Kristen H. Quigley and James Quigley, request judgment against Defendants, Wendy J. Collins, Michael Anthony Collins, Mark Steven McDowell, Bilmin Company, Inc. and AMICA Mutual Insurance Company, jointly and severally, in the sum of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.000), besides costs and interest.

                                        Respectfully submitted,

                                        MULHERN, PATTERSON & MARSHALL, LLP

                                        _____
                                        Joseph J. Mulhern, Bar #317255
                                        77 West Street, Suite 110
                                        Annapolis, MD 21401
                                        (410) 268-7080
                                        Attorney for Plaintiffs

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Divison

KRISTEN H. QUIGLEY
1521 Elliott Place
Washington, D.C. 20007
    and
JAMES QUIGLEY
1521 Elliott Place
Washington, D.C. 20007

    Plaintiffs

v.                                       CIVIL ACTION NO. _____

WENDY J. COLLINS
245 Church Gate Lane
Gaithersburg, MD 20878
    and
MICHAEL ALNTHONY COLLINS
3819 Boteler Road
Mt. Airy, MD 21771-7313
    and
MARK STEVEN McDOWELL
15017 Fort Trail
Accokeek, MD 20607
    and
BILMIN COMPANY, INC.
8517 Grovemont Circle
Gaithersburg, MD 20817
SERVE: A. Howard Metro, Resident Agent
       Samek, McMillan & Metro
       1901 Research Blvd., Suite 220
       Rockville, MD 20850
    and
AMICA MUTUAL INSURANCE COMPANY
6240 Old Dobbin Lane, Suite 190
Columbia, MD 21045

    Defendants

RECEIVED
2007 SEP 18 P 12:16
DISTRICT OF COLUMBIA
COURTS

RECEIVED
SEP 25 2007
Baltimore Claims

0006353-07

RECEIVED
SEP 2 5 2007
Baltimore Claims

## JURY DEMAND

Plaintiffs, Kristen H. Quigley and James Quigley, hereby demand a trial by jury as to all issues contained herein.

Respectfully submitted,

MULHERN, PATTERSON & MARSHALL, LLP

_____
Joseph J. Mulhern, Bar #317255
77 West Street, Suite 110
Annapolis, MD 21401
(410) 268-7080
Attorney for Plaintiffs

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

RECEIVED
SEP 2 5 2007
Baltimore Claims

| KRISTEN H. QUIGLEY, et al. |
|---|

*Plaintiff*

VS.

| AMICA MUTUAL INSURANCE COMPANY |
| 6240 Old Dobbin Lane, Suite 190, Columbia, MD 21045 |

*Defendant*

0006353-07

Civil Action No. [            ]

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Joseph J. Mulhern |
|---|
Name of Plaintiff's Attorney

| Mulhern, Patterson & Marshall, LLP |
Address
| 77 West Street, Suite 110 |
| Annapolis, MD 21401   (410) 268-7080 |
Telephone

By _T. [signature]_
Deputy Clerk

Date September 18, 2007

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

RECEIVED
SEP 2 5 20
Baltimore Claims

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

RECEIVED
SEP 2 5 2007
Baltimore Claims

KRISTEN H. QUIGLEY
Vs.                                  C.A. No.      2007 CA 006353 B
WENDY J. COLLINS

# INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JUDITH E RETCHIN
Date:   September 19, 2007
Initial Conference: 9:30 am, Friday, December 21, 2007
Location:   Courtroom 220
            500 Indiana Avenue N.W.
            WASHINGTON, DC  20001

Caio.doc

RECEIVED
SEP 2 5 2007
Baltimore Claims

## ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Kristen H. Quigley, et al

## DEFENDANTS
Wendy J. Collins, et al

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Washington, D.C.
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Montgomery
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joseph J. Mulhern, Esquire
Mulhern, Patterson & Marshall, LLP
77 West Street, Suite 110
Annapolis, MD  21401

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
⦿ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⦿ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ⦿ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

⦿ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☒ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**      OR      ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding   ⦿ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Motor tort and breach of insurance contract.  28 USC §1441 + §1446

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ $ 750,000   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 10/15/2007   SIGNATURE OF ATTORNEY OF RECORD _____ Attorney for Defendant Amica

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.