**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

KRISTEN H. QUIGLEY, et al.,   *

  **Plaintiffs**      *

**v.**          *

WENDY J. COLLINS, et al.,   *  **CASE NO.: 1:07-CV-01873-JDB**

  **Defendants**     *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## MOTION FOR SUMMARY JUDGMENT

  Amica Mutual Insurance Company ("Amica"), by and through its attorneys, Paul M. Finamore, Brett A. Buckwalter, and Niles, Barton & Wilmer, L.L.P., pursuant to F.R.C.P. 56 and Local Civil Rules 7 and 56.1, hereby moves for summary judgment, and, in support, states as follows:

  1. Plaintiffs filed a Complaint for alleged damages arising out of an automobile accident that took place on September 20, 2004. Plaintiffs sued Wendy J. Collins, Michael A. Collins, Mark Steven McDowell, and Bilmin Company, Inc. under negligence and vicarious liability theories. Amica was also named as a Defendant pursuant to allegations of a breach of contract in the denial of Uninsured or Underinsured Motorist benefits pursuant to Plaintiff Kristen Quigley's insurance policy.

  2. Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to Amica.

  3. Specifically, all of the potential tortfeasors maintained liability insurance coverage required by D.C. Code §31-2403(b) and §31-2406(c). Thus, there are no potential "uninsured" tortfeasors such that Plaintiff's Uninsured Motorist coverage would be applicable.

4.  Further, Plaintiffs did not have Underinsured Motorist coverage with Defendant under any policy of insurance.

5.  Defendant is simultaneously filing a Memorandum of Points and Authorities in Support of its Motion for Summary Judgment, which it fully adopts and incorporates as if fully set forth herein.

WHEREFORE, Defendant Amica Mutual Insurance Company respectfully requests that this Honorable Court enter Summary Judgment in its favor and grant Defendant such further and different relief as is deemed appropriate.

Respectfully submitted,

/s/ Paul M. Finamore
PAUL M. FINAMORE
Federal Bar #: 423410

/s/ Brett A. Buckwalter
BRETT A. BUCKWALTER
Federal Bar #: 478382
Niles, Barton & Wilmer, LLP
111 S. Calvert Street
Suite 1400
Baltimore, MD 21202
Telephone (410) 783-6300
Fax (410) 783-6410
pmfinamore@niles-law.com
babuckwalter@niles-law.com
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of May, 2008, copies of Defendant's Motion

for Summary Judgment, Memorandum of Points and Authorities, and proposed Order were

served via e-filing to:

> Kenneth M. Trombly, Esquire
> 1050 17th Street, N.W.
> Suite 1250
> Washington, DC 20036
> **Attorney for Plaintiffs**
>
> Earnest Franklin, Jr., Esquire
> Law Offices of Robert Graham Fiore
> Suite L200
> 8737 Colesville Road
> Silver Spring, Maryland 20910
> **Attorneys for Defendants Collins**
>
> Padraic Keane, Esquire
> Bayly H. Kirlin, Esquire
> Jordan, Coyne & Savits, LLP
> 1100 Connecticut Avenue, NW
> Suite 600
> Washington, D.C. 20036
> **Attorneys for Bilmin Company, Inc.**


> /s/ Brett A. Buckwalter
> BRETT A. BUCKWALTER

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

KRISTEN H. QUIGLEY, et al.,       *

      Plaintiffs           *

v.                        *

WENDY J. COLLINS, et al.,      *      CASE NO.: 1:07-CV-01873-JDB

      Defendants        *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Amica Mutual Insurance Company ("Amica"), by and through its attorneys, Paul M. Finamore, Brett A. Buckwalter, and Niles, Barton & Wilmer, L.L.P., pursuant to F.R.C.P. 56 and Local Civil Rules 7 and 56.1, hereby submits the following Memorandum of Points and Authorities in support of its Motion for Summary Judgment, and, in support, states as follows:

#### Background

Plaintiffs filed the present motor tort personal injury action against Defendants Wendy J. Collins, Michael A. Collins, Mark Steven McDowell, and Bilmin Company, Inc. alleging negligence by them that caused Plaintiff Kristen Quigley[1] to be injured.[2] Amica Mutual Insurance Company ("Amica") was also named as a Defendant under a breach of contract theory relating to a motor vehicle insurance policy.[3] Specifically, the Complaint contends that the Co-Defendants were uninsured and/or underinsured at the time of the occurrence,[4] and Plaintiff

---

[1] Plaintiff James Quigley has a claim for loss of consortium only. Because the loss of consortium claim is derivative in nature, it cannot remain if summary judgment is granted as to the other counts. From this point forward, "Plaintiff" when used in the singular shall refer to Kristen Quigley.
[2] A Copy of the Complaint can be found at Document No. 1 (Defendant Amica's Notice of Removal) at Exhibit B.
[3] See Count III of Plaintiff's Complaint.
[4] See Complaint, ¶ 15.

seeks to recover Uninsured Motorists ("UM") or Underinsured Motorists ("UIM") benefits from Amica.[5] Amica removed the case on the basis of diversity jurisdiction.

## Statement of Material Facts

1. Plaintiff was involved in an automobile accident on September 20, 2004 in the District of Columbia.

2. At the time of the above-referenced automobile accident, Plaintiff was a resident of the District of Columbia.

3. Plaintiff alleges that she was operating her motor vehicle at approximately 6:15 p.m. northwest bound on the 4500 block of MacArthur Blvd., N.W., while Defendants Wendy Collins[6] and Mark Steven McDowell[7] were each operating their respective vehicles southeast bound on MacArthur Blvd.

4. Plaintiff alleges that Defendant Collins and/or Defendant McDowell were negligent in causing a collision with her vehicle.

5. It is undisputed that both the Collins Defendants and the McDowell Defendants are respectively covered by policies of automobile liability insurance with liability limits being equal or greater than $25,000.00 per person/$50,000.00 per occurrence, the required minimum under D.C. Code, §31-2406(c).

6. There are no known reservations of rights issued by either the Collins' insurer or McDowell's insurer as to their respective insureds.

7. There have been no facts presented that would support the contention that an unknown motorist may have caused or contributed to the occurrence.

---

[5] See Complaint, ¶ 15.
[6] Defendant Michael Collins was the owner of the vehicle being operated by Wendy Collins.
[7] Defendant Bilmin Company, Inc. was the owner of the vehicle being operated by Mark McDowell.

8. At the time of the occurrence, Plaintiff had in effect a Personal Auto Policy with Amica, effective dates June 25, 2004 to June 25, 2005, Policy No.: 950608-20BS.[8] The Policy did not provide Underinsured Motorists coverage ("UIM").[9]

9. Plaintiff first became insured with Amica in 2001. On August 15, 2001, Plaintiff signed an Application for Automobile Insurance in the Amica Mutual Insurance Company.[10]

10. Plaintiff completed the Application and declined optional UIM coverage.[11]

11. Plaintiff's Policy renewed on June 25 of each proceeding year after 2001. Prior to each renewal, Amica would mail Plaintiff a Renewal Notice and related documents. Specifically, prior to the issuance of the June 25, 2004 Policy, Amica mailed to Plaintiff a Renewal Notice and related documents on April 27, 2004, which included an "Information Digest For Our District Of Columbia Policyholders."[12]

## Standard of Review

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is plainly entitled to judgment in its favor as a matter of law. F.R.C.P. 56. When considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 249. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-

---

[8] See Affidavit of Mr. James M. Mulholland, Branch Underwriting Manager for Amica, attached as **Exhibit 1**, ¶ 8, 11. A true and correct copy of the Policy can be found at **Exhibit 1C**.
[9] **Exhibit 1**, ¶ 9.
[10] **Exhibit 1**, ¶ 4, 11. A true and correct copy of the Application can be found at **Exhibit 1A**.
[11] **Exhibit 1**, ¶ 5; **Exhibit 1A**, page 5 of 7.
[12] **Exhibit 1**, ¶ 6-7, 11. True and accurate copies of the Renewal Notice and Information Digest are attached as **Exhibit 1B**.

minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at

252. The Court must view the facts and the reasonable inferences drawn therefrom "in the light

most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986). The party opposing the motion must bring forth evidence upon

which a reasonable fact-finder could rely. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). When

a Motion for Summary Judgment is supported by an affidavit or other statement under oath, an

adverse party may not rest upon the mere allegations of the Complaint, but rather must set forth

specific facts also made under oath that would show that there is a genuine issue for trial.

F.R.C.P. 56(e).

## Statement of Points and Authorities

**A. Plaintiff did not possess Underinsured Motorists coverage with Amica at the time of the occurrence.**

### *1. D.C. Statutory Scheme*

The District of Columbia treats Uninsured Motorists ("UM") coverage and Underinsured

Motorists coverage quite differently. In fact, an "uninsured motor vehicle" is defined as:

> a motor vehicle which:
> (A) Is a motor vehicle which is not insured by a motor vehicle liability policy applicable to the accident;
> (B) Is covered by a motor vehicle liability policy of insurance but the insured denies coverage for any reason or becomes the subject of insolvency proceedings in any jurisdiction; or
> (C) Is a motor vehicle which causes bodily injury or property damage and whose owner cannot be identified.

D.C. Code (2001 ed.), §31-2406(f)(1). All insurers in the District are required to include within

their automobile liability policies minimum mandatory coverage for the protection of their

insureds who are legally entitled to recover damages from owners or operators of uninsured

motor vehicles. D.C. Code (2001 ed.), §31-2406(f)(2).

In contrast, D.C. Code (2001 ed.), §31-2402(32a) defines an "underinsured motor vehicle" as "an insured motor vehicle where the limits on 3rd party personal liability or property damage coverage under the insurance required by §31-2406 are insufficient to pay the loss up to the limit of uninsured motor vehicle coverage as requested by the insured." The District of Columbia does not require insurers to provide any minimum mandatory UIM coverage. Rather, optional UIM coverage must be offered up to the amounts of the uninsured motorist coverage as requested by the insured. D.C. Code (2001 ed.), §31-2406(c-1). If the insured does not elect the optional UIM coverage, it is not required to be re-offered.

### 2. Plaintiff's Application and Coverage

It cannot be disputed that Plaintiff was offered UIM coverage when she applied for insurance with Amica in 2001. On Page 5 of the Application, UM coverage and UIM coverage were separately defined and distinguished. Specifically, the Application stated that "**UNINSURED MOTORISTS**[13] pays you for damages you are legally entitled to recover if injured in an accident caused by an uninsured motorist. An uninsured motorist is one who does not carry Liability insurance to pay for injury to others."[14] After further describing UM coverage, the Application contained options for Plaintiff to select the amount of UM coverage that she wanted, and she chose $500,000.00.[15] Below the section on UM coverage, the Application contained a description of UIM coverage, which was as follows:

> **UNDERINSURED MOTORISTS**[16] pays you for damages you are legally entitled to recover if injured in an accident caused by an underinsured motorist. An underinsured motorist is one who does carry liability insurance[,] but the amount of insurance available under that motorist's policy is less than the amount of Underinsured Motorists coverage you have selected.
> ***

---

[13] Emphasis in original.
[14] **Exhibit 1A**, page 5 of 7.
[15] **Exhibit 1A**, page 5 of 7.
[16] Emphasis in original.

This coverage is optional and may be included only when you select a limit of Uninsured Motorists coverage in excess of $55,000.[17]

The section describing UIM coverage contained two choices for Plaintiff to select:

☐ Include Underinsured Motorists at a limit equal to my/our Uninsured Motorists.

☐ DO NOT[18] include Underinsured Motorists on my/our policy.

Plaintiff clearly and unambiguously placed an "X" in the box for the latter selection, and signed the application on the last page.[19]

Given that Plaintiff never requested that Amica add UIM coverage, and that Amica never did in fact add such coverage, at any time prior to the date of the underlying occurrence, Plaintiff did not have UIM coverage with Amica on the date of the occurrence. In short, Amica fully complied with its obligations under D.C. law, and Plaintiff simply did not want UIM coverage. Thus, summary judgment is not only appropriate, but absolutely necessary to relieve Amica from having to defend a baseless lawsuit.

Apparently, Plaintiff does not question the authenticity or veracity of the Application. Rather, Plaintiff apparently intends to argue that the Policy in effect at the time of the occurrence was ambiguous. Such an argument would be specious. Plaintiff's Policy, which did not substantively change in any relevant manner from 2001 to the date of the occurrence, included The D.C. Uninsured/Underinsured Motorists Coverage Endorsement (form PP 04 56 06 98), which replaced Part C of the form Policy and became part of the insuring agreement.[20] The Endorsement includes definitions of "underinsured motor vehicle" and "uninsured motor vehicle," each of which are consistent with the respective definitions found in the D.C. Code, but

---

[17] **Exhibit 1A**, page 5 of 7.
[18] Emphasis in original.
[19] **Exhibit 1A**, page 5 of 7, page 7 of 7.
[20] Although this 4-page Endorsement is included within **Exhibit 1C**, Defendant has attached it in isolation as **Exhibit 2** for ease of reference.

with an additional clarification in each definition that an "underinsured motor vehicle" does not

include an "uninsured motor vehicle" and an "uninsured motor vehicle" does not include an

"underinsured motor vehicle:"

> **D.**    **"Underinsured motor vehicle"** means a land motor vehicle or trailer of any type
> to which a liability bond or policy applies at the time of the accident in limits
> equal to or greater than the minimum limit specified in the District of Columbia
> no-fault law but less than the limit of liability for this coverage.
>
> However, **"underinsured motor vehicle"** does not include:
>
> 1.    An **uninsured motor vehicle; ***
>
> **E.**    **"Uninsured motor vehicle"** means a land motor vehicle or trailer of any type:
>
> 1.    To which no liability bond or policy applies at the time of the accident.
> 2.    To which a liability bond or policy applies at the time of the accident.  In
> this case its limit of liability must be less than the minimum limit for
> liability specified in the District of Columbia no-fault law.
> 3.    Which is a hit-and-run vehicle whose operator or owner cannot be
> identified and which hits:
>
>> a.    You or any **family member;**
>> b.    A vehicle which you or any **family member** are **occupying;** or
>> c.    **Your covered auto.**
>
> 4.    To which a liability bond or policy applies at the time of the accident but
> the bonding or insuring company:
>
>> a.    Denies coverage; or
>> b.    Is or becomes insolvent.
>
> However, **"uninsured motor vehicle"** does not include:
>
> 1.    An **underinsured motor vehicle;**[21]

With these definitions clearly distinguishing UM and UIM coverages as being separate and

distinct, the Endorsement states:

### INSURING AGREEMENT

---

[21] **Exhibit 2**, page 2 of 4.  Emphasis in original.

A. We will pay compensatory damages which an insured is legally entitled to recover from an owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** *where such coverage is indicated as applicable in the Schedule or Declarations*...[22]

Thus, if the Policy provided either or both of these coverages, it would have been indicated in the Schedule or the Declarations. The Schedule, found on the front of the Endorsement, was blank.[23] Thus, there was no UM or UIM coverage indicated *by the Schedule*. A review of the Declarations shows that Plaintiff maintained $500,000 each accident in UM coverage (the same as she had requested in her Application) and paid a premium of $88 for this coverage.[24] *There is no UIM coverage indicated in the Declarations*.[25] Thus, by the plain and unambiguous terms of the Policy, Plaintiff did not have UIM coverage on the date of this accident, which is entirely consistent with the fact that she declined it.

To further dispel the myth that the Amica Policy was so confusing to Plaintiff that she somehow believed that she had UIM coverage despite knowingly rejecting it, it should be noted that before the June 25, 2004-June 25, 2005 Policy took effect, Amica mailed to Plaintiff a Renewal Notice that provided a copy of the then-current coverages that Plaintiff had, which included UM coverage of $500,000 per accident, but did not include UIM coverage.[26] Also enclosed was an "Information Digest For Our District Of Columbia Policyholders," which stated that "the following descriptions of auto insurance coverages are intended to provide a brief explanation only...We will gladly send you additional information or a quotation of rates upon request."[27] The Information Digest provides the definition and a brief description of UM

---

[22] **Exhibit 2**, page 1 of 4. "Bold" emphasis in original. "Italicized" emphasis added.
[23] **Exhibit 2**, page 1 of 4.
[24] **Exhibit 1C**, page 4 (page 2 of 3 of the Declarations).
[25] **Exhibit 1C**, page 4 (page 2 of 3 of the Declarations).
[26] **Exhibit 1B**, page 6 (page 4 of 5 of the Renewal Notice).
[27] **Exhibit 1B**, page 7 (page 1 of 5 of the Information Digest).

Coverage, noting that such coverage is *required* on all policies.[28]  In a separate and distinct

section of the Information Digest, UIM coverage is defined and described.[29]  The provision

plainly states that UIM coverage is *optional* and may be included only when [the insured] selects

a limit of Uninsured Motorists coverage in excess of $55,000.00.[30]

     Simply put, Plaintiff did not maintain UIM coverage with Amica at the time of the

accident.  Therefore, Amica has no contractual UIM obligations to Plaintiff, and her claim must

fail as a matter of law.

## B.  The Remaining Defendants are Insured as required by D.C. Law.

     Although Plaintiff's Complaint contains an alternate allegation that some or all of the Co-

Defendants were "uninsured" at the time of the occurrence, it is plainly evident and undisputed

by now that both the Collins Defendants and the McDowell Defendants are respectively covered

by policies of automobile liability insurance with liability limits being equal or greater than

$25,000.00 per person/$50,000.00 per occurrence, the required minimum under D.C. Code, §31-

2406(c).  Further, there have been no facts presented that would support the contention that an

unknown motorist may have caused or contributed to the occurrence.  In fact, counsel for the

Collins Defendants stated in open Court on April 3, 2008 that there was no serious dispute that

Wendy Collins was negligent in causing the accident.  In her Answers to Interrogatories, she

admits to rear-ending the vehicle in front of her (Mr. McDowell) and that Mr. McDowell was not

negligent in causing the occurrence.[31]  The Collins Defendants are insured by Nationwide, with

liability limits of $100,000 per person/$300,000 per occurrence.[32]  As there is no potential

---

[28] **Exhibit 1B**, page 7 (page 1 of 5 of the Information Digest).
[29] **Exhibit 1B**, pages 7-8 (pages 1-2 of 5 of the Information Digest).
[30] **Exhibit 1B**, page 8 (page 2 of 5 of the Information Digest).
[31] See selected Answers to Interrogatories of Defendant Wendy Collins, attached as **Exhibit 3**, Nos. 5 and 7.
[32] **Exhibit 3**, No. 17.

recovery from an uninsured motorist, there is no legally sufficient claim for UM coverage against Amica.

### Conclusion

For the foregoing reasons, Defendant Amica Mutual Insurance Company respectfully requests that this Honorable Court grant summary judgment in favor of Defendant and grant such further and different relief as is deemed appropriate.

Respectfully submitted,

/s/ Paul M. Finamore
PAUL M. FINAMORE
Federal Bar #: 423410


/s/ Brett A. Buckwalter
BRETT A. BUCKWALTER
Federal Bar #: 478382
Niles, Barton & Wilmer, LLP
111 S. Calvert Street
Suite 1400
Baltimore, MD 21202
Telephone (410) 783-6300
Fax (410) 783-6410
pmfinamore@niles-law.com
babuckwalter@niles-law.com
**Attorneys for Defendant**

## Affidavit of James M. Mulholland

I, **James M. Mulholland**, am competent to testify as a witness in this matter, am over the age of 18 years and have personal knowledge of the facts as follows:

1. I am a member the Branch Underwriting Manager for the Baltimore Regional Office of Amica Mutual Insurance Company ("Amica")

2. I am authorized and qualified to administer the underwriting files of Amica.

3. I am personally familiar with the underwriting file of Kristen Quigley, nee Humann.

4. On August 15, 2001, Ms. Quigley signed an Application for Automobile Insurance (the "Application") in the Amica and became insured with Amica retroactive to June 25, 2001. A true and correct copy of the Application is attached as **Exhibit A**.

5. As indicated on page 5 of the Application, Ms. Quigley declined optional Underinsured Motorist ("UIM") coverage. Ms. Quigley never elected to obtain optional UIM coverage and never paid a premium for UIM coverage at any time prior to October, 2004.

6. Ms. Quigley's Policy renewed on June 25 of each proceeding year after 2001. Prior to each renewal, Amica would mail Ms. Quigley a Renewal Notice and related documents.

7. Specifically, prior to the issuance of the June 25, 2004 Policy, Amica mailed to Ms. Quigley a Renewal Notice and related documents on April 27, 2004, which included an "Information Digest For Our District Of Columbia Policyholders." True and correct copies of the Renewal Notice and Information Digest sent to Ms. Quigley on April 27, 2004 are attached as **Exhibit B**.

EXHIBIT
*1*

8.  On September 20, 2004, Ms. Quigley had a Personal Automobile Policy with Amica (the "Policy"), effective dates June 25, 2004 to June 25, 2005, Policy No.: 950608-20BS.  A true and correct copy of the Policy, with complete declarations and Endorsements, is attached as **Exhibit C**.

9.  On September 20, 2004, Ms. Quigley did not maintain UIM coverage under the Policy or any other insurance policy with Amica.

10.  On October 14, 2004, Ms. Quigley for the first time obtained UIM coverage under her Policy.

11.  **Exhibits A**, **B**, and **C**, are copies of documents prepared and kept by Amica in the course of regularly conducted business activity.  It is the regular business practice for Amica to make, keep, and maintain these records.

I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING PAPER ARE TRUE.

_5/15/08_
**Date**

_____
**James M. Mulholland**





RECEIVED
AUG 23 2001
BALTIMORE UNDERWRITING

### Application for Automobile Insurance in the

# AMICA MUTUAL INSURANCE COMPANY



## For additional information please contact:

MRS. CAROL ANN CARTER
Underwriting Service Rep.
Baltimore Regional Office
516 North Rolling Road
Baltimore, Maryland 21228-4180


Toll Free 1-800-68-Amica



EXHIBIT

tabbies

A

THE FAIR CREDIT REPORTING ACT

In connection with your application for insurance and as part of our normal underwriting procedure, an investigative consumer report may be obtained, including, if applicable, information as to character, general reputation, personal characteristics, and mode of living. This information is obtained through personal interviews with your friends, neighbors and associates. Upon written request, received within a reasonable time, additional, detailed information concerning the nature and scope of this investigation will be provided.

29E5

KRISTEN HUMANN

**DRIVER INFORMATION**

Page 2 of 7

Name(s) KRISTEN HUMANN        Social Security Number 020 58 0935

Social Security Number _____

Residential Address 3101 NEW MEXICO AVE., NW, APT 812

WASHINGTON, DC 20016

Mail Address, If Different _____

Home Telephone Number 202-363-3233

1. First Named Insured's Occupation PYSCHOTHERAPIST
   Employer (Name and Address) SELF EMPLOYED      WASHINGTON DC
   Business Telephone Number 202-669-9169

   Second Named Insured's Occupation _____
   Employer (Name and Address) _____
   Business Telephone Number _____

2. Does any person who may drive the auto(s) have any physical disability? _____
   NO

3. During the past three years have you or any others who will drive your auto(s) been involved in any motor
   vehicle accidents or insurance losses? NO

4. During the past three years have you or any others who will drive your auto(s) had any court convictions,
   vehicle code citations or revocations of driver's license? NO

5. Are you the owner of the auto(s) described in this Application? _____

   You are: [✓] Individual     [ ] Joint Owner     [ ] Corporation

6. Driver Information about yourself and all other drivers in your household:

| Name (Your Name First) | Driver's License No. | Date First Licensed | | Date of Birth | | | M/F | M/S |
|---|---|---|---|---|---|---|---|---|
| | | Mo. | Yr. | Mo. | Day | Yr. | | |
| 1 KRISTEN HUMANN | 020580935 | 02 | 85 | 02 | 28 | 69 | F | S |
| 2 | | | | | | | | |
| 3 | | | | | | | | |
| 4 | | | | | | | | |
| 5 | | | | | | | | |
| 6 | | | | | | | | |

7. Does any listed driver qualify for Defensive Driver Discount*? (If yes, indicate driver number, date of
   course completion and forward documentation) 1. 2. 3. 4. 5. 6.
   NO

8. Does any listed driver qualify as a Good Student*? (If yes, indicate driver number and forward
   documentation) NO

9. Has any listed driver taken an Approved Driver Training* program? (If yes, indicate driver number and
   forward documentation) NO

10. Is any listed driver a student away at school over 100 miles from home without an auto? (If yes,
    indicate driver number) NO

*See Information Digest for requirements

**Please Note:** An individual in active military service with the armed forces of the United States of America shall not be considered a resident of the household for rating purposes unless such individual customarily drives the auto.

29E5

## AUTO INFORMATION

KRISTEN HUMANN                                                                    Page  3 of  7

| Auto | Year | Trade Name | Model | Type of body | Passengers | No. Doors | Auto Kept Indoors? Off street? On street? | Vehicle Identification Number |
|---|---|---|---|---|---|---|---|---|
| 1 | 2001 | MERCEDES-BENZ | C240/SPORT SEDAN | | | | IN | WDBRF61J51F111575 |
| 2 | | | | | | | | |
| 3 | | | | | | | | |
| 4 | | | | | | | | |

| Auto | Purchased Month, Yr. | New/Used | Actual Cost | Principal Place of Garaging Town or City | County | State | Name of Finance Company | Final Installment Due Date |
|---|---|---|---|---|---|---|---|---|
| 1 | 03/01 | NEW | 34000 | | | | | |
| 2 | | | | | | | | |
| 3 | | | | | | | | |
| 4 | | | | | | | | |

Indicate use of your auto(s):

| Auto | Principal Driver | Pleasure use only | Auto driven to work or school (includes use in car pools or driving to bus or railroad depot.) | If driven to work or school indicate: (1) one way distance in miles | (2) average no. of days per week | Business (customarily used in occupation other than driving to work or school) | Yearly business mileage: |
|---|---|---|---|---|---|---|---|
| 1 | | X | | | | | |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |

1. Are there any other motor vehicles in your household not described above? ___No___
2. Will any of the listed auto(s) be used as a taxi or for hire? ___No___
3. Do you or anyone in your household own or regularly use a non-owned motorcycle, motor scooter, motor bike or similar two wheel vehicle? ___No___
   If yes, is it insured for Personal Injury Protection? _____

### Special Equipment

**Anti-Theft Devices** - Your auto must be equipped with a hood lock which can be released only from inside the auto and have one of the following devices installed. Please indicate Auto Number for type of device installed:

**Auto No.**

_____ **Alarm only** - An alarm system emits a siren, horn or other loud signal when set off. This type of system must be activated and deactivated by a switch or lock each time you park and return to your auto.

_____ **Active Disabling Device** - When activated, the device may cut off the auto's fuel, ignition or starting system. This type of device must be activated and deactivated  by a switch or lock each time you park and return to your auto. (The customary ignition-steering wheel lock which is standard on most autos does not qualify.)

___1___ **Passive Disabling Devices** - A passive device automatically activates itself each time you park your auto.  A hidden switch or lock allows you to deactivate the system when you return.  Typical passive devices automatically cut off the auto's fuel or electrical system.

_____ **Vehicle Recovery System** - An operational anti-theft and recovery device consisting of an electronic homing device used in conjunction with a participating police agency.

_____ **Vehicle Tracking System** - A global positioning system (GPS) tracking device, which will locate a vehicle automatically upon notification of theft.

**Passive Restraint Systems** - The systems must be factory installed and meet federal guidelines.

___1___ **Airbag Installations** _____ Driver Side Only ___1___ Both Front Outboard Seat Positions

_____ **Passive Belting Systems** - A passive belting system that does not require you to "buckle up" in contrast to "active" systems such as non-automatic safety belts which you must always remember to fasten.  Some automatic belting systems are available on certain model autos as optional special equipment.

**Anti-Lock Braking System** - The system must be factory installed.

___1___ **Four Wheel Anti-Lock Braking System**

**Customized or Modified Vehicles** (Vans and pickup trucks)

If your truck has been customized or modified, please provide us with a description of the equipment and the added dollar value of the customizing.

**Electronic Equipment**

Please provide a brief description of any citizens band radios, telephones, personal computers, tape players or any other electronic equipment that is installed in your auto.

29E5

KRISTEN HUMANN

## COVERAGE INFORMATION

**LIABILITY** pays for damages to others when you are legally responsible as a result of an accident involving your auto. It pays for loss resulting from bodily injury or property damage up to the limit you select.

In the District of Columbia, this coverage is required at a minimum limit of $60,000. We recommend a limit of at least $300,000 to meet today's high medical costs, court judgments and constantly rising auto and property repair costs.

Indicate the limit desired:

☐ $60,000      ☐ $100,000      ☒ $300,000      ☐ $1,000,000

☐ $75,000      ☐ $200,000      ☒ $500,000      ☐ $2,000,000

**MEDICAL PAYMENTS** pays medical expenses for you, members of your family and other persons injured by accident while occupying your auto. You and members of your family are also covered as pedestrians should you be struck and injured by an auto. You will be paid regardless of who is at fault for the accident up to the limits of coverage you select.

In the District of Columbia, this coverage is available at a minimum limit of $500 each person.

Indicate the limit desired:

☒ NONE      ☐ $750      ☐ $2,000      ☐ $10,000      ☐ $50,000      ☐ $100,000

☐ $500      ☐ $1,000      ☐ $5,000      ☐ $25,000      ☐ $75,000

**NO-FAULT** is optional in the District of Columbia.

No-Fault coverage (called Personal Injury Protection in the policy) pays benefits to you when injured in an auto accident. Family members are covered only in your auto or an auto driven by you. Payment of these benefits is made directly to you by your own insurance company. Benefits are paid regardless of who is at fault for the accident.

Benefit options include:

- $50,000 or $100,000 for medical expenses
- $4,000 for funeral expenses
- A maximum aggregate of $12,000 or $24,000 for loss of income and for replacement services.

**It is important to note there is no coverage for family members as pedestrians or when occupying vehicles that are neither owned nor operated by you. See Medical Payments coverage for broader protection available for family members.**

Indicate your selection:

**PERSONAL INJURY PROTECTION - NO DEDUCTIBLE**

Select one:      ☐ Medical Expense benefits up to $50,000
                 ☐ Medical Expense benefits up to $100,000
                 ☒ DO NOT INCLUDE MEDICAL EXPENSE BENEFITS

Select one:      ☐ Work Loss and Replacement Services up to $12,000
                 ☐ Work Loss and Replacement Services up to $24,000
                 ☒ DO NOT INCLUDE WORK LOSS AND REPLACEMENT SERVICES

Select one:      ☐ Funeral Expense benefit up to $4,000
                 ☒ DO NOT INCLUDE FUNERAL EXPENSE BENEFIT

29E5

KRISTEN HUMANN                                                               Page 5 of 7

**UNINSURED MOTORISTS** pays you for damages you are legally entitled to recover if injured in an accident caused by an uninsured motorist. An uninsured motorist is one who does not carry Liability insurance to pay for injury to others.

You and members of your family are covered either riding in your auto or as pedestrians. Guests riding in your auto are also covered.

In the District of Columbia, this coverage is required on all policies providing Liability insurance. The minimum limit is $55,000; however, you may select a limit up to $300,000 regardless of your Liability limit. Limits in excess of $300,000 are also available provided you carry at least the same limit of Liability coverage. Limits available are the same as shown for Liability coverage.

This coverage includes protection for damage to your auto and property in your auto subject to a deductible of $200.

Indicate your selection:

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $55,000 | ☐ | $200,000 | ☐ | $1,000,000 |
| ☐ | $75,000 | ☐ | $300,000 | ☐ | $2,000,000 |
| ☐ | $100,000 | ☒ | $500,000 | | |

**UNDERINSURED MOTORISTS** pays you for damages you are legally entitled to recover if injured in an accident caused by an underinsured motorist. An underinsured motorist is one who does carry Liability insurance but the amount of insurance available under that motorist's policy is less than the amount of Underinsured Motorists coverage you have selected.

You and members of your family are covered either riding in your auto or as pedestrians. Guests riding in your auto are also covered.

This coverage is optional and may be included only when you select a limit of Uninsured Motorists coverage in excess of $55,000.

This coverage includes protection for damage to your auto and property in your auto subject to a deductible of $200.

Indicate your selection:

☐ Include Underinsured Motorists at a limit equal to my/our Uninsured Motorists.

☒ DO NOT include Underinsured Motorists on my/our policy.

29E5

KRISTEN HUMANN

**COLLISION DAMAGE TO YOUR AUTO** pays for damage to your auto caused by upset or collision with another vehicle or object. This coverage is written with a deductible and the following deductible amounts are available.

|         |       |        |
|---------|-------|--------|
| $100    | $250  | $1,000 |
| $200    | $500  |        |

Indicate the deductible amount for each auto to be insured for Collision:

[X] Auto 1 $ 250     [ ] Auto 2 _____     [ ] Auto 3 _____     [ ] Auto 4 _____

**OTHER THAN COLLISION DAMAGE TO YOUR AUTO** pays for loss or damage to your auto caused by such things as theft of the auto or its equipment, fire, vandalism, breakage of glass, explosion, falling objects and damage from contact with birds or animals. This coverage may be written with a deductible and the following deductible amounts are available:

|                              |       |       |        |
|------------------------------|-------|-------|--------|
| Full coverage (no deductible) | $100  | $250  | $1,000 |
| $50                          | $200  | $500  |        |

Indicate the deductible amount for each auto to be insured for Other Than Collision:

[X] Auto 1 $ 100     [ ] Auto 2 _____     [ ] Auto 3 _____     [ ] Auto 4 _____

**AUTO LOAN/LEASE** pays when there is a total loss to your auto and the actual cash value of the auto is less than the amount due under the terms of a lease or loan agreement.

Payment under this coverage would not include such things as overdue payments, financial penalties for excessive use or high mileage, costs for extended warranties, security deposits or carry-over balances from previous loans or leases.

This coverage is available only if you have purchased Collision and Other Than Collision coverages for your auto. You must request Auto Loan/Lease coverage within 30 days of leasing or financing an auto.

Indicate the autos to be insured for Auto Loan/Lease:

[ ] Auto 1     [ ] Auto 2     [ ] Auto 3     [ ] Auto 4

**TOWING AND LABOR COSTS -** This coverage pays for towing and labor costs when your auto is disabled. Labor includes only work done at the place of disablement. Towing and Labor Costs coverage is available for a small premium charge if your auto is insured for Damage To Your Auto (Part 2. Other Than Collision) coverage. With Amica's Roadside Assistance service, you may call our special toll-free number and a tow truck will be sent to your location. In most cases, you may then sign for the services provided and payment to the driver of the tow truck will not be necessary.

As an alternative, you may call your own towing company and pay for the service provided. You will be reimbursed up to $75 per disablement for covered services when you send the bill to us.

Indicate the autos to be insured for Towing and Labor Costs:

[ ] Auto 1     [ ] Auto 2     [ ] Auto 3     [ ] Auto 4

29E5

KRISTEN HUMANN

**OPTIONAL LIMITS TRANSPORTATION EXPENSES -** If you have a loss under Damage To Your Auto coverage, you will be reimbursed for charges to rent a replacement while your auto is out of service. Payment is made up to $20 per day to a maximum of $600 per loss.

Optional Limits Transportation Expenses is an available option which pays charges to rent a replacement auto while your auto is out of service due to a loss that is covered under Damage To Your Auto coverage.

Indicate the limit desired:

☐ $30 Per Day/$900 Maximum

☐ $40 Per Day/$1,200 Maximum

☐ $50 Per Day/$1,500 Maximum

Indicate the autos to be insured for Optional Limits Transportation Expenses:

☐ Auto 1    ☐ Auto 2    ☐ Auto 3    ☐ Auto 4

PLEASE INDICATE CHOICE: ☒ Dividend Policy    ☐ Non-Dividend Policy

| AUTHORIZATION |
|---|
| I/We have reviewed and verified the information on this Application and agree that it is accurate and the selected options represent the coverage Amica is requested to provide. |
| **Policy to take effect at 12:01 A.M.** JUNE 25, 2001 |

| 8·15·01 | | _Kristen Humann_ |
|---|---|---|
| Date | | Signature |
| | | |
| Date | | Signature |

Recommended by

Policy Number
940608-2038

APRIL 27, 2004

KRISTEN HUMANN
3101 NEW MEXICO AVE NW APT 812
WASHINGTON DC  20016-5907



EXHIBIT

_B_

# AMICA MUTUAL INSURANCE COMPANY
### Lincoln, Rhode Island

BALTIMORE REGION
OFFICE (29)
1-800-68-AMICA

Page 1 of 5

KRISTEN HUMANN

Renewal of Policy No. 940608-2038

### Your auto insurance will expire on June 25, 2004.

**The attached Renewal Notice provides the information we will use to renew your policy. You will also find an Information Digest which describes coverages, rate classifications, discounts and available options. Please review this material. If you are satisfied with your present coverage and the accuracy of your policy information, you need do nothing and your policy will be renewed without change. If you would like to consider any changes, please call us promptly so that your policy can be renewed accordingly.**

**Please review the following suggestions before deciding on your renewal coverage.**

Your COLLISION deductible has been increased to $500 for the following auto(s):

2001 Mercedes Benz  (auto 1)

You may purchase a lower deductible for an additional premium. Call the branch office for a quote.

Your OTHER THAN COLLISION deductible has been increased to $200 for the following auto(s):

2001 Mercedes Benz  (auto 1)

You may purchase a lower deductible for an additional premium. Call the branch office for a quote.

```
********************************************************************************
**      You have the option of selecting a policy which does not pay a dividend in ex-   **
**   change for a lower initial premium.  A cost comparison is provided below.  The      **
**   *ESTIMATED NET COST of the dividend policy is based on our latest dividend rate of  **
**   20%.  A dividend cannot be guaranteed and the actual cost will depend on the divi-  **
**   dend rate in effect when your policy expires.                                       **
**                                                                                       **
**   NON-DIVIDEND OPTION              DIVIDEND OPTION     (*ESTIMATED NET COST)           **
**                                                                                       **
**   $1,129.00                        $1,353.00           (*$1,082.40)                    **
**                                                                                       **
**   ANY CHANGE FROM YOUR CURRENT DIVIDEND OPTION REQUIRES THAT YOU CONTACT YOUR         **
**   LOCAL BRANCH OFFICE.                                                                 **
********************************************************************************
```



TOWING AND LABOR COSTS COVERAGE, which includes Roadside Assistance, can be purchased. That means if your vehicle is disabled, you may call our special toll free number and a tow truck will be sent to your location. In most cases, you may then sign for the services provided at the scene and do not need to pay the driver of the tow truck. Towing and Labor Costs coverage is available for a cost of:

$8.00 for your 2001 Mercedes Benz

# AMICA MUTUAL INSURANCE COMPANY

Lincoln, Rhode Island

BALTIMORE REGION
OFFICE (29)
1-800-68-AMICA

Page 2 of 5

KRISTEN HUMANN

Renewal of Policy No. 940608-2038

OPTIONAL LIMITS TRANSPORTATION EXPENSES COVERAGE at a limit of $30 per day/$900 maximum
is available for $9.00 per auto.  This increased coverage is available on your:
2001 Mercedes Benz  (auto 1)

# AMICA MUTUAL INSURANCE COMPANY

Lincoln, Rhode Island

## RENEWAL NOTICE FOR POLICY NO. 940608-2038

Page 3 of 5

KRISTEN HUMANN
3101 NEW MEXICO AVE NW APT 812
WASHINGTON DC 20016

**POLICY PERIOD From:** JUNE 25, 2004  **To:** JUNE 25, 2005

| Auto No. | | DESCRIPTION OF AUTO(S) OR TRAILER(S) | | USE OF AUTO(S) |
|---|---|---|---|---|
| 1 | 2001 | MERCEDES-BENZ C240/SPORT | WDBRF61J51F111575 | PLEASURE |

The Auto(s) or Trailer(s) described in this policy is principally garaged at the above address unless otherwise stated.

SAFE DRIVER RATES APPLY.

**RATES ARE BASED ON THE FOLLOWING HOUSEHOLD DRIVERS**

| Driver | NAME | DRIVER'S LICENSE NUMBER | Date of Birth Mo. | Day | Year | Male or Female | Married or Single | Date First Licensed Mo. | Year |
|---|---|---|---|---|---|---|---|---|---|
| 1 | KRISTEN HUMANN | 9579838 | 02 | 28 | 69 | F | S | 02 | 85 |
| 2 | | | | | | | | | |
| 3 | | | | | | | | | |
| 4 | | | | | | | | | |
| 5 | | | | | | | | | |
| 6 | | | | | | | | | |

THIS IS NOT A BILL. PLEASE DO NOT PAY UNTIL YOU RECEIVE YOUR BILLING NOTICE.

# AMICA MUTUAL INSURANCE COMPANY

### LINCOLN, RHODE ISLAND

## CONTINUATION OF
## RENEWAL NOTICE FOR POLICY NO. 940608-2038

Page 4 of 5

KRISTEN HUMANN
3101 NEW MEXICO AVE NW APT 812
WASHINGTON DC 20016

| PREMIUMS SHOWN ARE RENEWAL RATES AND ARE QUOTED SUBJECT TO ANY CHANGE IN THE RATE SCHEDULE | | | | |
|---|---|---|---|---|
| **COVERAGES** | **LIMIT OF LIABILITY** | | **PREMIUMS** | AUTO 1<br>2001 MERC |
| A. LIABILITY | $ 500,000 each accident | | | $ 469.00 |
| B. MEDICAL PAYMENTS | $ each person | | | |
| C. UNINSURED MOTORISTS | $ 500,000 each accident | | | $ 88.00 |
| D. DAMAGE TO YOUR AUTO | (ACV means Actual Cash Value) | | | |
| 1. Collision Loss | AUTO 1 | | | |
| ACV minus deductible of | $ 500 | | | $ 516.00 |
| 2. Other Than Collision Loss | AUTO 1 | | | |
| ACV minus deductible of | $ 200 | | | $ 280.00 |
| TOWING AND LABOR COSTS | $ each disablement | | | |

TOTAL RENEWAL PREMIUM  $  1,353.00

# AMICA MUTUAL INSURANCE COMPANY

### LINCOLN, RHODE ISLAND

## CONTINUATION OF
## RENEWAL NOTICE FOR POLICY NO. 940608-2038          Page 5 of 5

KRISTEN HUMANN
3101 NEW MEXICO AVE NW APT 812
WASHINGTON DC 20016

---

**SPECIAL DISCOUNTS**

ANTI-LOCK BRAKING SYSTEM AUTO 1
ANTI-THEFT DEVICE DISCOUNT AUTO 1

---

**Home Phone:** (202) 363-3233

**First Named Insured**                          **Second Named Insured**

**Occupation:**                                   **Occupation:**

PYSCHOTHERAPIST

**Business Phone:** (202) 669-9169                **Business Phone:**

# Amica Mutual Insurance Company

## INFORMATION DIGEST
## FOR OUR
## DISTRICT OF COLUMBIA POLICYHOLDERS

### BRIEF DESCRIPTION OF COVERAGES

The following descriptions of auto insurance coverages are intended to provide a brief explanation only. Exclusions, conditions, limitations and extent of benefits are not explained. You must see the policy for full details of each coverage.

We will gladly send you additional information or a quotation of rates upon request.

### LIABILITY

Liability coverage pays for damages to others when you are legally responsible as a result of an accident involving your auto. It pays for loss resulting from bodily injury or property damage up to the limit you select.

In the District of Columbia this coverage is required at a minimum limit of $60,000.

We recommend a higher limit for better financial protection. A limit of at least $300,000 is suggested to meet today's high medical and hospital costs, court judgments and constantly rising auto and property repair costs.

Liability limits available:

| | | |
|---|---|---|
| $ 75,000 | $250,000 | $1,000,000 |
| 100,000 | 300,000 | 2,000,000 |
| 150,000 | 400,000 | |
| 200,000 | 500,000 | |

### NO-FAULT INSURANCE

This coverage is optional in the District of Columbia.

No-Fault coverage (called Personal Injury Protection in the policy) pays benefits to you when injured in an auto accident. Family members are covered only in your auto or an auto driven by you. Payment of these benefits is made directly to you by your own insurance company. Benefits are paid regardless of who is at fault for the accident.

Benefit options include:

- $50,000 or $100,000 for medical expenses

- $4,000 for funeral expenses

- A maximum aggregate of $12,000 or $24,000 for loss of income and for replacement services.

**It is important to note there is no coverage for family members as pedestrians or when occupying vehicles that are neither owned nor operated by you. See Medical Payments coverage for broader protection available for family members.**

### MEDICAL PAYMENTS

Medical Payments coverage pays medical expenses for services rendered within 3 years from the date of the accident for you, members of your family and other persons injured by accident while occupying your auto. You and members of your family are also covered as pedestrians should you be struck and injured by an auto.

You will be paid regardless of who is at fault for the accident up to the limits of coverage you select.

Limits of coverage available are $500 each person up to $100,000 each person.

### UNINSURED MOTORISTS

Uninsured Motorists coverage pays you for damages you are legally entitled to recover if injured in an accident caused by an **uninsured motorist** An **uninsured motorist** is one who does not carry Liability insurance to pay for injury to others.

You and members of your family are covered either riding in your auto or as pedestrians. Guests riding in your auto are also covered.

In the District of Columbia, this coverage is required on all policies providing Liability insurance. The minimum limit is $55,000; however, you may select a limit up to $300,000 regardless of your Liability limit. Limits in excess of $300,000 are also available provided you carry at least the same limit of Liability coverage. Limits available are the same as shown for Liability coverage.

This coverage includes protection for damage to your auto and property in your auto subject to a deductible of $200.

### UNDERINSURED MOTORISTS

Underinsured Motorists coverage pays you for damages you are legally entitled to recover if injured

in an accident caused by an underinsured motorist. An underinsured motorist is one who does carry Liability insurance but the amount of insurance available under that motorist's policy is less than the amount of Underinsured Motorists coverage you have selected.

You and members of your family are covered either riding in your auto or as pedestrians. Guests riding in your auto are also covered.

This coverage is optional and may be included only when you select a limit of Uninsured Motorists coverage in excess of $55,000.

This coverage includes protection for damage to your auto and property in your auto subject to a deductible of $200.

## DAMAGE TO YOUR AUTO

This coverage pays for accidental loss or damage to your auto minus any deductible you may select. The deductible is the amount you are responsible for in the event of damage or loss to your auto.

This coverage is divided into 2 parts. You may purchase either or both:

Part 1.   Collision Loss pays for damage to your auto caused by upset or collision with another vehicle or object.

This part is written with a deductible and several deductible amounts are available. The higher the deductible amount the lower the cost. $100, $200 and $500 are some of the deductible amounts available.

Part 2.   Other Than Collision Loss (formerly called Comprehensive coverage) pays for loss or damage to your auto except by collision. This includes theft of the auto or its equipment, fire, vandalism, breakage of glass, explosion, falling objects and damage from contact with birds or animals.

This part is written with or without a deductible. The higher the deductible amount the lower the cost. Full (no deductible), $100, $200, $250 and $500 are some of the deductible amounts available.

We believe the use of deductibles provides the best arrangement of your insurance protection. A deductible tends to keep down the cost of insurance and still provides adequate protection for the major investment you have in your auto.

## AUTO LOAN/LEASE COVERAGE

This coverage pays when there is a total loss to your auto and the actual cash value of the auto is less than the amount due under the terms of a lease or loan agreement.

Payment under this coverage would not include such things as overdue payments, financial penalties for excessive use or high mileage, costs for extended warranties, security deposits or carry-over balances from previous loans or leases.

This coverage is available only if you have purchased Collision and Other Than Collision coverages for your auto. You must request Auto Loan/Lease coverage within 30 days of leasing or financing an auto.

## TOWING AND LABOR COSTS

This coverage pays for towing and labor costs when your auto is disabled. Labor includes only work done at the place of disablement. With Amica's Roadside Assistance service, you may call our special toll-free number and a tow truck will be sent to your location. In most cases, you may then sign for the services provided and payment to the driver of the tow truck will not be necessary.

As an alternative, you may call your own towing company and pay for the service provided. You will be reimbursed up to $75 per disablement for covered services when you send the bill to us.

## OPTIONAL LIMITS TRANSPORTATION EXPENSES COVERAGE

If you have a loss under Damage To Your Auto coverage, you will be reimbursed for charges to rent a replacement while your auto is out of service. Payment is made up to $20 per day to a maximum of $600 per loss.

Optional Limits Transportation Expenses Coverage is an available option. Limits available: $30 per day to a maximum of $900 per loss, $40 per day to a maximum of $1,200 per loss or $50 per day to a maximum of $1,500 per loss.

## HOW RATES ARE DETERMINED

Base rates for private passenger auto insurance are determined from the cost of settling claims that result from past auto accidents and losses and operating expenses. The base rates are grouped at four different levels according to risk characteristics which are indicative of future loss potential and include operator age, driving experience, credit history, payment record and moving traffic violations. These four different levels can reduce your base rate by as much as 36%.

A classification plan using the following factors is applied to there basic rates to establish the premium charged for each coverage on your policy:

1.   Principal place of garaging of your auto.

2.   Use of your auto.

3.   Age, sex and marital status of the drivers.

4. Additional Rating Factors.

1. **Principal Place of Garaging of Your Auto** - This location is usually your home address shown on your policy. Each city, town, township, borough or other locality is part of a Rating Territory which has its own basic rates for each coverage.

2. **Use of Your Auto** - There are four categories:

   A. **Pleasure** - Means your auto is used for pleasure only, or is driven to and from work or school **less** than 3 road miles one way. No business use.

   B. **To Work Less Than 15 Miles** - Means your auto is customarily* driven to and from work or school a distance of 3 to 15 road miles one way. Also used for pleasure but no business use.

   C. **To Work 15 or More Miles** - Means your auto is customarily* driven to and from work or school a distance of 15 or more road miles one way. Also used for pleasure but no business use.

   D. **Business** - Means your auto is used in your occupation or profession. Also may be used for pleasure and driving to and from work.

   *"Customarily" includes use of your auto in car-pools or other share-the-ride arrangements. It also includes driving part way to and from work or school, such as to a bus or train depot, whether or not the auto is parked at such depot during the day.

3. **Age, Sex and Marital Status of the Drivers.** The rating plan takes into consideration persons living in your household who customarily drive your auto.

   A. Base rates apply when the only drivers are in the following categories:

      1. Married man age 25-49.

      2. Married woman under age 50.

      3. Single man who is not owner or principal driver age 25-49.

      4. Single man who is owner or principal driver age 30-49.

      5. Single woman age 25-29.

      6. Drivers age 65-74.

      7. Only driver in household is a woman age 30-49.

   B. Higher than base rates apply for youthful drivers in the following categories:

      1. Married man under 25 years of age.

      2. Single woman under 25 years of age.

      3. Single man who is not owner or principal driver under 25 years of age.

      4. Single man who is owner or principal driver under 30 years of age.

      5. Drivers age 75 and older.

   C. Lower than base rates apply for drivers in the following categories:

      1. Drivers age 50-64. The driver must be the principal driver of the auto.

         The lower rates do not apply when there are youthful drivers of the auto in the household.

4. **Additional Rating Factors.**

   **Approved Driver Training** - Lower rates apply for drivers under 21 who have successfully completed a driver training course. The course must be sponsored and approved by recognized educational authorities and conducted by a certified instructor.

   The course must consist of 1) at least 30 hours of classroom study and 6 hours of actual driving experience; or 2) at least 30 hours of classroom study, 3 hours of actual driving experience and 12 hours in an approved device which simulates practice driving.

   **Good Students** - Lower rates apply for a driver under 25 who qualifies as a "good student". To qualify the driver must be at least age 16 and a full time student in high school or college. A statement from a school official must be presented indicating that during the immediately preceding semester the driver has met one of the following scholastic requirements:

      1. Ranked in top 20% of class.

      2. A "B" grade average.

      3. A 3 point average on a 4 point scale.

      4. On "Dean's List" or "Honor Roll".

   **Car-Pool Use of Your Auto** - Lower rates apply if you do not drive to and from work or school more than 2 days a week or more than 2 weeks of each 5-week period.

   **Farmers and Ranchers** - Lower rates apply for drivers who are farmers or ranchers and the auto is principally garaged on a farm or ranch. The auto may not be used in any occupation other than in farming or ranching.

   **Students Away at School** - Lower rates apply for unmarried youthful drivers, not owners or principal operators, if they are full time students at a school or college over 100 road miles from where the auto is garaged and the auto is not at school.

## SURCHARGES

**Safe Driver Insurance Plan.** Lowest rates apply when you and other drivers in your household have a driving record free of chargeable accidents or motor vehicle convictions.

Rates are increased percentagewise under a point system for each chargeable accident or motor vehicle conviction that occurs within a 3-year period. The maximum number of points can increase your premium substantially.

## DISCOUNTS

**Two or More Autos** - Rates are reduced when you own and insure two or more autos with us.

**Defensive Driver Course** - Rates for Liability, Personal Injury Protection and Collision coverages are reduced for drivers age 55 or older who successfully complete a Senior Operator Motor Vehicle Accident Prevention Course.

In order to be eligible, the driver must be the principal operator of the auto and must have successfully completed the course within the past 2 years. The course must be approved by the District of Columbia Department of Transportation.

**Special Equipment**

### Anti-Theft Devices

Other Than Collision rates are reduced if your auto has a hood lock which can be released only from the inside and has one of the following devices installed:

**Alarm only.** An alarm emits a siren, horn or other loud signal when set off.

**Active disabling device.** A device you activate which may cut off the auto's fuel, ignition or starting system. (The customary ignition-steering wheel lock does not qualify.)

**Passive disabling device.** A device which automatically activates itself each time you park your auto which makes the fuel, ignition or starting system inoperative.

### Vehicle Recovery System

Other Than Collision rates are reduced if your auto is equipped with a Vehicle Recovery System. This system consists of an electronic unit installed in an auto that is activated after the auto is stolen. When activated, the device provides information to law enforcement officials regarding the auto's location.

### Vehicle Tracking System

Other Than Collision rates are reduced if your auto is equipped with a global positioning system (GPS) tracking device which will locate an auto automatically upon notification that the auto is stolen. If your auto is equipped with this type of device, you must maintain your contract with the tracking services provider. Annual verification of continued service is required.

### Airbag or Passive Belting System

Medical Payments and/or No-Fault premiums are reduced if your auto is equipped with a factory installed automatic occupant restraint conforming to federal crash protection requirements.

### Anti-Lock Braking System

Liability premiums are reduced if your auto is equipped with a factory installed four wheel anti-lock braking system.

## OTHER IMPORTANT FACTS

**Radios, Tape and/or CD Players**

If you have purchased Collision and Other Than Collision, there is no coverage for sound reproducing equipment unless the equipment is either permanently installed or, if removable, solely designed for use in an auto.

**There is a $1,000 coverage limit for sound reproducing equipment that is installed in parts of the auto not normally used by the manufacturer for such equipment.** For example, if you install an extra set of speakers in the trunk of your auto and the trunk is not a place normally used by the manufacturer for speakers, the speakers would be subject to a $1,000 limit.

Tapes, records or discs used with any sound reproducing equipment are **not** insured under your policy.

**Permanently Installed Cellular Telephones**

If you have purchased Collision and Other Than Collision, coverage is provided for losses to permanently installed cellular telephones.

**Sound Receiving and Transmitting Equipment**

Equipment that receives or transmits audio, visual or data signals, such as CB radios, personal computers or scanners are not insured under your policy.

If you have such equipment, we can provide coverage for an additional premium charge.

**Customized Vehicle Exclusion** (Vans and pickup trucks)

The loss or damage to custom features on vans and pickup trucks is not covered by physical damage insurance unless you have requested the additional coverage.

Customized features include such items as any additional parts, equipment, furnishings, fixtures or finishing including special paint, murals or graphics.

If your vehicle has been customized, please provide us with a description of the equipment and the added dollar value of the customizing.

950608-20BS

**Amica**

# Personal
# Auto
# Policy

**A Non-Assessable Policy**

# Amica Mutual
# Insurance
# Company

| Corporate Office | One Hundred Amica Way<br>Lincoln, Rhode Island<br>Mail: PO Box 6008, Providence, RI 02940-6008<br>Telephone: 1-800-65-AMICA |
|---|---|
| Policyholder Service | Baltimore Regional Office<br>6240 Old Dobbin Lane<br>Suite 190<br>Columbia, MD 21045-5801<br>1-800-68-AMICA |

**READ YOUR POLICY CAREFULLY**

This policy is a legal contract between you and us.
The Personal Auto Policy has been:

- designed for your easy reference
- simplified to make it more understandable; and
- arranged to better display the available coverages.

**Branch Offices Countrywide**

Away from home?  Call Toll Free 1-800-24-Amica for the nearest branch office.



EXHIBIT

C

Ed. 06/98

# YOUR PERSONAL AUTO POLICY
# QUICK REFERENCE

**DECLARATIONS PAGE**
Your Name and Address
Your Auto or Trailer
Policy Period
Coverages and Amounts of Insurance

Beginning
On Page

AGREEMENT                                          1
DEFINITIONS                                        1

**PART A
LIABILITY
COVERAGE**

Insuring Agreement                                 2
Supplementary Payments
Exclusions
Limit of Liability
Out of State Coverage
Financial Responsibility Required
Other Insurance

**PART B
MEDICAL
PAYMENTS
COVERAGE**

Insuring Agreement                                 5
Exclusions
Limit of Liability
Other Insurance

**PART C
UNINSURED
MOTORISTS
COVERAGE**

Insuring Agreement                                 6
Exclusions
Limit of Liability
Other Insurance
Arbitration

**PART D
COVERAGE FOR
DAMAGE TO
YOUR AUTO**

Insuring Agreement                                 8
Transportation Expenses
Exclusions
Limit of Liability
Payment of Loss
No Benefit to Bailee
Other Sources of Recovery
Appraisal

**PART E
DUTIES AFTER AN
ACCIDENT OR LOSS**

General Duties                                     11
Additional Duties for Uninsured Motorists Coverage
Additional Duties for Coverage for Damage to Your Auto

**PART F
GENERAL
PROVISIONS**

Bankruptcy                                         12
Changes
Fraud
Legal Action Against Us
Our Right to Recover Payment
Policy Period and Territory
Termination
Transfer of Your Interest in this Policy
Two or More Auto Policies
Mutual Provisions

**ENDORSEMENTS**

Additional benefits or restrictions               Following
                                                  Page 14

AM 00 25 06 98

# AMICA MUTUAL INSURANCE COMPANY
### Lincoln, Rhode Island

Page 1 of 3

**DECLARATIONS**

**PERSONAL AUTO POLICY NO.** 950608-20BS

**NAMED INSURED AND ADDRESS**

KRISTEN HUMANN
3101 NEW MEXICO AVE NW APT 812
WASHINGTON DC 20016

**POLICY PERIOD: 12:01 A.M., STANDARD TIME**
**From:** JUNE 25, 2004
**To:** JUNE 25, 2005

| Auto No. | DESCRIPTION OF AUTO(S) OR TRAILER(S) | LOSS PAYEE |
|---|---|---|
| 1 | 2001 MERCEDES-BENZ C240/SPORT SEDAN VIN WDBRF61J51F111575 USE: PLEASURE | |
| | | |
| | | |
| | | |
| | | |
| | | |

The Auto(s) or Trailer(s) described in this policy is principally garaged at the above address unless otherwise stated.

SAFE DRIVER RATES APPLY.

**RATES ARE BASED ON THE FOLLOWING HOUSEHOLD DRIVERS**

| Driver | NAME | DRIVER'S LICENSE NUMBER | Date of Birth Mo. Day Year | Male or Female | Married or Single | Date First Licensed Mo. Year |
|---|---|---|---|---|---|---|
| 1 | KRISTEN HUMANN | 9579838 | 02 28 69 | F | S | 02 85 |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |

# AMICA MUTUAL INSURANCE COMPANY

Lincoln, Rhode Island

Page 2 of 3

## CONTINUATION OF DECLARATIONS FOR PERSONAL AUTO POLICY NO.  950608-20BS

**NAMED INSURED AND ADDRESS**

KRISTEN HUMANN
3101 NEW MEXICO AVE NW APT 812
WASHINGTON DC 20016

| COVERAGES | LIMIT OF LIABILITY | | PREMIUMS | |
|---|---|---|---|---|
| COVERAGE IS PROVIDED WHERE A PREMIUM AND A LIMIT OF LIABILITY IS SHOWN FOR THE COVERAGE | | | | |
| | | | | AUTO 1<br>2001 MERC |
| A. LIABILITY | $   500,000  each accident | | | $     469.00 |
| B. MEDICAL PAYMENTS | $            each person | | | |
| C. UNINSURED MOTORISTS | $   500,000  each accident | | | $      88.00 |
| D. DAMAGE TO YOUR AUTO | (ACV means Actual Cash Value) | | | |
| 1. Collision Loss | AUTO 1 | | | |
| ACV minus deductible of | $  500 | | | $     516.00 |
| 2. Other Than Collision Loss | AUTO 1 | | | |
| ACV minus deductible of | $  200 | | | $     280.00 |
| TOWING AND LABOR COSTS | $           each disablement | | | |

**PARKING ARRANGEMENTS**
AUTO 1      IN GARAGE

TOTAL PREMIUM  $  1,353.00

# AMICA MUTUAL INSURANCE COMPANY

### Lincoln, Rhode Island

Page 3 of 3

### CONTINUATION OF DECLARATIONS FOR PERSONAL AUTO POLICY NO. 950608-20BS

**NAMED INSURED AND ADDRESS**

KRISTEN HUMANN
3101 NEW MEXICO AVE NW APT 812
WASHINGTON DC 20016

| SPECIAL DISCOUNTS |
|---|
| ANTI-LOCK BRAKING SYSTEM AUTO 1 |
| ANTI-THEFT DEVICE DISCOUNT AUTO 1 |

**Form and Endorsements made part of this policy at time of issue:**

| | |
|---|---|
| PP 00 01 06 98 | PERSONAL AUTO POLICY |
| PP 01 64 06 98 | AMENDMENT OF POLICY PROVISIONS - DISTRICT OF COLUMBIA |
| AM 00 28 12 01 | AMENDMENT OF PERSONAL AUTO POLICY PROVISIONS |
| PP 03 09 06 98 | SINGLE LIABILITY LIMIT |
| PP 04 50 06 98 | SINGLE UNINSURED/UNDERINSURED MOTORISTS LIMITS |
| PP 13 01 12 99 | COVERAGE FOR DAMAGE TO YOUR AUTO EXCLUSION ENDORSEMENT |
| PP 04 56 06 98 | UNINSURED/UNDERINSURED MOTORISTS COVERAGE - DIST. OF COLUMBIA |

This policy shall not be valid unless countersigned by our authorized agent or representative.

Countersigned by........ *J. Michael McGilliganM* ........Agent

# PERSONAL AUTO POLICY

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

## DEFINITIONS

**A.** Throughout this policy, "you" and "your" refer to:

  **1.** The "named insured" shown in the Declarations; and

  **2.** The spouse if a resident of the same household.

If the spouse ceases to be a resident of the same household during the policy period or prior to the inception of this policy, the spouse will be considered "you" and "your" under this policy but only until the earlier of:

  **1.** The end of 90 days following the spouse's change of residency;

  **2.** The effective date of another policy listing the spouse as a named insured; or

  **3.** The end of the policy period.

**B.** "We", "us" and "our" refer to the Company providing this insurance.

**C.** For purposes of this policy, a private passenger type auto, pickup or van shall be deemed to be owned by a person if leased:

  **1.** Under a written agreement to that person; and

  **2.** For a continuous period of at least 6 months.

Other words and phrases are defined. They are bold faced when used.

**D.** "Bodily injury" means bodily harm, sickness or disease, including death that results.

**E.** "Business" includes trade, profession or occupation.

**F.** "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

**G.** "Occupying" means in, upon, getting in, on, out or off.

**H.** "Property damage" means physical injury to, destruction of or loss of use of tangible property.

**I.** "Trailer" means a vehicle designed to be pulled by a:

  **1.** Private passenger auto; or

  **2.** Pickup or van.

It also means a farm wagon or farm implement while towed by a vehicle listed in **1.** or **2.** above.

**J.** "Your covered auto" means:

  **1.** Any vehicle shown in the Declarations.

  **2.** A **newly acquired auto**.

  **3.** Any **trailer** you own.

  **4.** Any auto or **trailer** you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

    **a.** Breakdown;

    **b.** Repair;

    **c.** Servicing;

    **d.** Loss; or

    **e.** Destruction.

  This provision (**J.4.**) does not apply to Coverage For Damage To Your Auto.

**K.** "Newly acquired auto":

  **1.** "**Newly acquired auto**" means any of the following types of vehicles you become the owner of during the policy period:

    **a.** A private passenger auto; or

    **b.** A pickup or van, for which no other insurance policy provides coverage, that:

Copyright, Insurance Services Office, Inc., 1997

(1) Has a Gross Vehicle Weight of less than 10,000 lbs.; and

(2) Is not used for the delivery or transportation of goods and materials unless such use is:

(a) Incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

(b) For farming or ranching.

2. Coverage for a **newly acquired auto** is provided as described below. If you ask us to insure a **newly acquired auto** after a specified time period described below has elapsed, any coverage we provide for a **newly acquired auto** will begin at the time you request the coverage.

a. For any coverage provided in this policy except Coverage For Damage To Your Auto, a **newly acquired auto** will have the broadest coverage we now provide for any vehicle shown in the Declarations. Coverage begins on the date you become the owner. However, for this coverage to apply to a **newly acquired auto** which is in addition to any vehicle shown in the Declarations, you must ask us to insure it within 14 days after you become the owner.

If a **newly acquired auto** replaces a vehicle shown in the Declarations, coverage is provided for this vehicle without your having to ask us to insure it.

b. Collision Coverage for a **newly acquired auto** begins on the date you become the owner. However, for this coverage to apply, you must ask us to insure it within:

(1) 14 days after you become the owner if the Declarations indicate that Collision Coverage applies to at least one auto. In this case, the **newly acquired auto** will have the broadest coverage we now provide for any auto shown in the Declarations.

(2) Four days after you become the owner if the Declarations do not indicate that Collision Coverage applies to at least one auto. If you comply with the 4 day requirement and a loss occurred before you asked us to insure the **newly acquired auto**, a Collision deductible of $500 will apply.

c. Other Than Collision Coverage for a **newly acquired auto** begins on the date you become the owner. However, for this coverage to apply, you must ask us to insure it within:

(1) 14 days after you become the owner if the Declarations indicate that Other Than Collision Coverage applies to at least one auto. In this case, the **newly acquired auto** will have the broadest coverage we now provide for any auto shown in the Declarations.

(2) Four days after you become the owner if the Declarations do not indicate that Other Than Collision Coverage applies to at least one auto. If you comply with the 4 day requirement and a loss occurred before you asked us to insure the **newly acquired auto**, an Other Than Collision deductible of $500 will apply.

---

# PART A - LIABILITY COVERAGE

---

## INSURING AGREEMENT

A. We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the **insured**. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payment of judgments or settlements. We have no duty to defend any suit or settle any

claim for **bodily injury** or **property damage** not covered under this policy.

B. "**Insured**" as used in this Part means:

1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

2. Any person using **your covered auto.**

3. For **your covered auto**, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

4. For any auto or **trailer**, other than **your covered auto**, any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This Provision (**B.4.**) applies only if the person or organization does not own or hire the auto or **trailer**.

## SUPPLEMENTARY PAYMENTS

In addition to our limit of liability, we will pay on behalf of an **insured**:

1. Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **bodily injury** or **property damage** covered under this policy.

2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.

3. Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

4. Up to $200 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

5. Other reasonable expenses incurred at our request.

## EXCLUSIONS

A. We do not provide Liability Coverage for any **insured**:

1. Who intentionally causes **bodily injury** or **property damage.**

2. For **property damage** to property owned or being transported by that **insured.**

3. For **property damage** to property:

   a. Rented to;

   b. Used by; or

   c. In the care of;

   that **insured.**

   This Exclusion (**A.3.**) does not apply to **property damage** to a residence or private garage.

4. For **bodily injury** to an employee of that **insured** during the course of employment. This Exclusion (**A.4.**) does not apply to **bodily injury** to a domestic employee unless workers'

compensation benefits are required or available for that domestic employee.

5. For that **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This Exclusion (**A.5.**) does not apply to a share-the-expense car pool.

6. While employed or otherwise engaged in the **business** of:

   a. Selling;

   b. Repairing;

   c. Servicing;

   d. Storing; or

   e. Parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This Exclusion (**A.6.**) does not apply to the ownership, maintenance or use of **your covered auto** by:

   a. You;

   b. Any **family member**; or

   c. Any partner, agent or employee of you or any **family member.**

7. Maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in Exclusion **A.6.**

   This Exclusion (**A.7.**) does not apply to the maintenance or use of a:

   a. Private passenger auto;

   b. Pickup or van; or

   c. **Trailer** used with a vehicle described in **a.** or **b.** above.

8. Using a vehicle without a reasonable belief that that **insured** is entitled to do so. This Exclusion (**A.8.**) does not apply to a **family member** using **your covered auto** which is owned by you.

9. For **bodily injury** or **property damage** for which that **insured**:

   a. Is an insured under a nuclear energy liability policy; or

   b. Would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

A nuclear energy liability policy is a policy issued by any of the following or their successors:

**a.** Nuclear Energy Liability Insurance Association;

**b.** Mutual Atomic Energy Liability Underwriters; or

**c.** Nuclear Insurance Association of Canada.

**B.** We do not provide Liability Coverage for the ownership, maintenance or use of:

**1.** Any vehicle which:

**a.** Has fewer than four wheels; or

**b.** Is designed mainly for use off public roads.

This Exclusion (**B.1.**) does not apply:

**a.** While such vehicle is being used by an **insured** in a medical emergency;

**b.** To any **trailer**; or

**c.** To any non-owned golf cart.

**2.** Any vehicle, other than **your covered auto**, which is:

**a.** Owned by you; or

**b.** Furnished or available for your regular use.

**3.** Any vehicle, other than **your covered auto**, which is:

**a.** Owned by any **family member**; or

**b.** Furnished or available for the regular use of any **family member**.

However, this Exclusion (**B.3.**) does not apply to you while you are maintaining or **occupying** any vehicle which is:

**a.** Owned by a **family member**; or

**b.** Furnished or available for the regular use of a **family member**.

**4.** Any vehicle, located inside a facility designed for racing, for the purpose of:

**a.** Competing in; or

**b.** Practicing or preparing for;

any prearranged or organized racing or speed contest.

## LIMIT OF LIABILITY

**A.** The limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **bodily injury** sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all **property damage** resulting from any one auto accident. This is the most we will pay regardless of the number of:

**1. Insureds;**

**2.** Claims made;

**3.** Vehicles or premiums shown in the Declarations; or

**4.** Vehicles involved in the auto accident.

**B.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

**1.** Part **B** or Part **C** of this policy; or

**2.** Any Underinsured Motorists Coverage provided by this policy.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

**A.** If the state or province has:

**1.** A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

**2.** A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

**B.** No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

**OTHER INSURANCE**

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

# PART B - MEDICAL PAYMENTS COVERAGE

**INSURING AGREEMENT**

**A.** We will pay reasonable expenses incurred for necessary medical and funeral services because of **bodily injury**:

   **1.** Caused by accident; and

   **2.** Sustained by an **insured.**

We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

**B.** "**Insured**" as used in this Part means:

   **1.** You or any **family member**:

     **a.** While **occupying**; or

     **b.** As a pedestrian when struck by;

     a motor vehicle designed for use mainly on public roads or a **trailer** of any type.

   **2.** Any other person while **occupying your covered auto.**

**EXCLUSIONS**

We do not provide Medical Payments Coverage for any **insured** for **bodily injury**:

   **1.** Sustained while **occupying** any motorized vehicle having fewer than four wheels.

   **2.** Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This Exclusion (**2.**) does not apply to a share-the-expense car pool.

   **3.** Sustained while **occupying** any vehicle located for use as a residence or premises.

   **4.** Occurring during the course of employment if workers' compensation benefits are required or available for the **bodily injury.**

   **5.** Sustained while **occupying**, or when struck by, any vehicle (other than **your covered auto**) which is:

     **a.** Owned by you; or

     **b.** Furnished or available for your regular use.

   **6.** Sustained while **occupying**, or when struck by, any vehicle (other than **your covered auto**) which is:

     **a.** Owned by any **family member**; or

     **b.** Furnished or available for the regular use of any **family member.**

     However, this Exclusion (**6.**) does not apply to you.

   **7.** Sustained while **occupying** a vehicle without a reasonable belief that that **insured** is entitled to do so. This Exclusion (**7.**) does not apply to a **family member** using **your covered auto** which is owned by you.

   **8.** Sustained while **occupying** a vehicle when it is being used in the **business** of an **insured**. This Exclusion (**8.**) does not apply to **bodily injury** sustained while **occupying** a:

     **a.** Private passenger auto;

     **b.** Pickup or van that you own; or

     **c.** **Trailer** used with a vehicle described in **a.** or **b.** above.

   **9.** Caused by or as a consequence of:

     **a.** Discharge of a nuclear weapon (even if accidental);

     **b.** War (declared or undeclared);

     **c.** Civil war;

     **d.** Insurrection; or

     **e.** Rebellion or revolution.

   **10.** From or as a consequence of the following, whether controlled or uncontrolled or however caused:

     **a.** Nuclear reaction;

     **b.** Radiation; or

     **c.** Radioactive contamination.

   **11.** Sustained while **occupying** any vehicle located inside a facility designed for racing, for the purpose of:

**a.** Competing in; or

**b.** Practicing or preparing for;

any prearranged or organized racing or speed contest.

## LIMIT OF LIABILITY

**A.** The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

**B.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

1. Part **A.** or Part **C.** of this policy; or

2. Any Underinsured Motorists Coverage provided by this policy.

## OTHER INSURANCE

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

## PART C - UNINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

**A.** We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury:**

1. Sustained by an **insured;** and

2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

**B.** "**Insured**" as used in this Part means:

1. You or any **family member.**

2. Any other person **occupying your covered auto.**

3. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person described in **1.** or **2.** above.

**C.** "**Uninsured motor vehicle**" means a land motor vehicle or **trailer** of any type:

1. To which no bodily injury liability bond or policy applies at the time of the accident.

2. To which a bodily injury liability bond or policy applies at the time of the accident. In this case its limit for bodily injury liability must be less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which **your covered auto** is principally garaged.

3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

   **a.** You or any **family member;**

   **b.** A vehicle which you or any **family member** are **occupying;** or

   **c.** **Your covered auto.**

4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:

   **a.** Denies coverage; or

   **b.** Is or becomes insolvent.

However, "**uninsured motor vehicle**" does not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of you or any **family member.**

2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

3. Owned by any governmental unit or agency.

4. Operated on rails or crawler treads.

5. Designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

## EXCLUSIONS

**A.** We do not provide Uninsured Motorists Coverage for **bodily injury** sustained:

1. By an **insured** while **occupying**, or when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

2. By any **family member** while **occupying**, or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

**B.** We do not provide Uninsured Motorists Coverage for **bodily injury** sustained by any **insured**:

1. If that **insured** or the legal representative settles the **bodily injury** claim without our consent.

2. While **occupying your covered auto** when it is being used as a public or livery conveyance. This Exclusion (**B.2.**) does not apply to a share-the-expense car pool.

3. Using a vehicle without a reasonable belief that that **insured** is entitled to do so. This Exclusion (**B.3.**) does not apply to a **family member** using **your covered auto** which is owned by you.

**C.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

1. Workers' compensation law; or

2. Disability benefits law.

**D.** We do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

## LIMIT OF LIABILITY

**A.** The limit of liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **bodily injury** sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident.

This is the most we will pay regardless of the number of:

1. **Insureds**;

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

**B.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

1. Part **A** or Part **B** of this policy; or

2. Any Underinsured Motorists Coverage provided by this policy.

**C.** We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

**D.** We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

1. Workers' compensation law; or

2. Disability benefits law.

## OTHER INSURANCE

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided under this Part of the policy:

1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

2. Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing such coverage on a primary basis.

3. If the coverage under this policy is provided:

   **a.** On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

**b.** On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

## ARBITRATION

**A.** If we and an **insured** do not agree:

**1.** Whether that **insured** is legally entitled to recover damages; or

**2.** As to the amount of damages which are recoverable by that **insured**;

from the owner or operator of an **uninsured motor vehicle**, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

**B.** Each party will:

**1.** Pay the expenses it incurs; and

**2.** Bear the expenses of the third arbitrator equally.

**C.** Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

**1.** Whether the **insured** is legally entitled to recover damages; and

**2.** The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which **your covered auto** is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

# PART D - COVERAGE FOR DAMAGE TO YOUR AUTO

## INSURING AGREEMENT

**A.** We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto**, including their equipment, minus any applicable deductible shown in the Declarations. If loss to more than one **your covered auto** or **non-owned auto** results from the same **collision**, only the highest applicable deductible will apply. We will pay for loss to **your covered auto** caused by:

**1.** Other than **collision** only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.

**2.** **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto**, we will provide the broadest coverage applicable to any **your covered auto** shown in the Declarations.

**B.** "**Collision**" means the upset of **your covered auto** or a **non-owned auto** or their impact with another vehicle or object.

Loss caused by the following is considered other than **collision**:

**1.** Missiles or falling objects;

**2.** Fire;

**3.** Theft or larceny;

**4.** Explosion or earthquake;

**5.** Windstorm;

**6.** Hail, water or flood;

**7.** Malicious mischief or vandalism;

**8.** Riot or civil commotion;

**9.** Contact with bird or animal; or

**10.** Breakage of glass.

If breakage of glass is caused by a **collision**, you may elect to have it considered a loss caused by **collision**.

**C.** "**Non-owned auto**" means:

**1.** Any private passenger auto, pickup, van or **trailer** not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member**; or

**2.** Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

    **a.** Breakdown;

    **b.** Repair;

    **c.** Servicing;

    **d.** Loss; or

    **e.** Destruction.

## TRANSPORTATION EXPENSES

**A.** In addition, we will pay, without application of a deductible, up to a maximum of $600 for:

  **1.** Temporary transportation expenses not exceeding $20 per day incurred by you in the event of a loss to **your covered auto**. We will pay for such expenses if the loss is caused by:

    **a.** Other than **collision** only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.

    **b.** **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

  **2.** Expenses for which you become legally responsible in the event of loss to a **non-owned auto**. We will pay for such expenses if the loss is caused by:

    **a.** Other than **collision** only if the Declarations indicate that Other Than Collision Coverage is provided for any **your covered auto**.

    **b.** **Collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto**.

    However, the most we will pay for any expenses for loss of use is $20 per day.

**B.** If the loss is caused by:

  **1.** A total theft of **your covered auto** or a **non-owned auto**, we will pay only expenses incurred during the period:

    **a.** Beginning 48 hours after the theft; and

    **b.** Ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

  **2.** Other than theft of a **your covered auto** or a **non-owned auto**, we will pay only expenses beginning when the auto is withdrawn from use for more than 24 hours.

**C.** Our payment will be limited to that period of time reasonably required to repair or replace the **your covered auto** or the **non-owned auto**.

## EXCLUSIONS

We will not pay for:

  **1.** Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance. This Exclusion (**1.**) does not apply to a share-the-expense car pool.

  **2.** Damage due and confined to:

    **a.** Wear and tear;

    **b.** Freezing;

    **c.** Mechanical or electrical breakdown or failure; or

    **d.** Road damage to tires.

    This Exclusion (**2.**) does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto**.

  **3.** Loss due to or as a consequence of:

    **a.** Radioactive contamination;

    **b.** Discharge of any nuclear weapon (even if accidental);

    **c.** War (declared or undeclared);

    **d.** Civil war;

    **e.** Insurrection; or

    **f.** Rebellion or revolution.

  **4.** Loss to any electronic equipment designed for the reproduction of sound and any accessories used with such equipment. This includes but is not limited to:

    **a.** Radios and stereos;

    **b.** Tape decks; or

    **c.** Compact disc players.

    This Exclusion (**4.**) does not apply to equipment designed solely for the reproduction of sound and accessories used with such equipment, provided:

    **a.** The equipment is permanently installed in **your covered auto** or any **non-owned auto**; or

    **b.** The equipment is:

      **(1)** Removable from a housing unit which is permanently installed in the auto;

**(2)** Designed to be solely operated by use of the power from the auto's electrical system; and

**(3)** In or upon **your covered auto** or any **non-owned auto** at the time of loss.

**5.** Loss to any electronic equipment that receives or transmits audio, visual or data signals and any accessories used with such equipment. This includes but is not limited to:

**a.** Citizens band radios;

**b.** Telephones;

**c.** Two-way mobile radios;

**d.** Scanning monitor receivers;

**e.** Television monitor receivers;

**f.** Video cassette recorders;

**g.** Audio cassette recorders; or

**h.** Personal computers.

This Exclusion (**5.**) does not apply to:

**a.** Any electronic equipment that is necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or

**b.** A permanently installed telephone designed to be operated by use of the power from the auto's electrical system and any accessories used with the telephone.

**6.** Loss to tapes, records, discs or other media used with equipment described in Exclusions **4.** and **5.**

**7.** A total loss to **your covered auto** or any **non-owned auto** due to destruction or confiscation by governmental or civil authorities.

This Exclusion (**7.**) does not apply to the interests of Loss Payees in **your covered auto.**

**8.** Loss to:

**a.** A **trailer**, camper body, or motor home, which is not shown in the Declarations; or

**b.** Facilities or equipment used with such **trailer**, camper body or motor home. Facilities or equipment include but are not limited to:

**(1)** Cooking, dining, plumbing or refrigeration facilities;

**(2)** Awnings or cabanas; or

**(3)** Any other facilities or equipment used with a **trailer**, camper body, or motor home.

This Exclusion (**8.**) does not apply to a:

**a.** **Trailer**, and its facilities or equipment, which you do not own; or

**b.** **Trailer**, camper body, or the facilities or equipment in or attached to the **trailer** or camper body, which you:

**(1)** Acquire during the policy period; and

**(2)** Ask us to insure within 14 days after you become the owner.

**9.** Loss to any **non-owned auto** when used by you or any **family member** without a reasonable belief that you or that **family member** are entitled to do so.

**10.** Loss to equipment designed or used for the detection or location of radar or laser.

**11.** Loss to any custom furnishings or equipment in or upon any pickup or van. Custom furnishings or equipment include but are not limited to:

**a.** Special carpeting or insulation;

**b.** Furniture or bars;

**c.** Height-extending roofs; or

**d.** Custom murals, paintings or other decals or graphics.

This Exclusion (**11.**) does not apply to a cap, cover or bedliner in or upon any **your covered auto** which is a pickup.

**12.** Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in the **business** of:

**a.** Selling;

**b.** Repairing;

**c.** Servicing;

**d.** Storing; or

**e.** Parking;

vehicles designed for use on public highways. This includes road testing and delivery.

**13.** Loss to **your covered auto** or any **non-owned auto**, located inside a facility designed for racing, for the purpose of:

**a.** Competing in; or

**b.** Practicing or preparing for;

any prearranged or organized racing or speed contest.

**14.** Loss to, or loss of use of, a **non-owned auto** rented by:

**a.** You; or

**b.** Any **family member**;

if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member**, pursuant to the provisions of any applicable rental agreement or state law.

## LIMIT OF LIABILITY

**A.** Our limit of liability for loss will be the lesser of the:

**1.** Actual cash value of the stolen or damaged property; or

**2.** Amount necessary to repair or replace the property with other property of like kind and quality.

However, the most we will pay for loss to:

**1.** Any **non-owned auto** which is a trailer is $500.

**2.** Equipment designed solely for the reproduction of sound, including any accessories used with such equipment, which is installed in locations not used by the auto manufacturer for installation of such equipment or accessories, is $1,000.

**B.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total loss.

**C.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

## PAYMENT OF LOSS

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

**1.** You; or

**2.** The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible source of recovery including, but not limited to:

**1.** Any coverage provided by the owner of the **non-owned auto**;

**2.** Any other applicable physical damage insurance;

**3.** Any other source of recovery applicable to the loss.

## APPRAISAL

**A.** If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**1.** Pay its chosen appraiser; and

**2.** Bear the expenses of the appraisal and umpire equally.

**B.** We do not waive any of our rights under this policy by agreeing to an appraisal.

# PART E - DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**A.** We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

**B.** A person seeking any coverage must:

    **1.** Cooperate with us in the investigation, settlement or defense of any claim or suit.

    **2.** Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

    **3.** Submit, as often as we reasonably require:

        **a.** To physical exams by physicians we select. We will pay for these exams.

        **b.** To examination under oath and subscribe the same.

    **4.** Authorize us to obtain:

        **a.** Medical reports; and

        **b.** Other pertinent records.

    **5.** Submit a proof of loss when required by us.

**C.** A person seeking Uninsured Motorists Coverage must also:

    **1.** Promptly notify the police if a hit-and-run driver is involved.

    **2.** Promptly send us copies of the legal papers if a suit is brought.

**D.** A person seeking Coverage For Damage To Your Auto must also:

    **1.** Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and their equipment from further loss. We will pay reasonable expenses incurred to do this.

    **2.** Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

    **3.** Permit us to inspect and appraise the damaged property before its repair or disposal.

---

# PART F - GENERAL PROVISIONS

---

## BANKRUPTCY

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

## CHANGES

**A.** This policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

**B.** If there is a change to the information used to develop the policy premium, we may adjust your premium. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:

    **1.** The number, type or use classification of insured vehicles;

    **2.** Operators using insured vehicles;

    **3.** The place of principal garaging of insured vehicles;

    **4.** Coverage, deductible or limits.

If a change resulting from **A.** or **B.** requires a premium adjustment, we will make the premium adjustment in accordance with our manual rules.

**C.** If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This Paragraph (**C.**) does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

    **1.** A subsequent edition of your policy; or

    **2.** An Amendatory Endorsement.

## FRAUD

We do not provide coverage for any **insured** who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

## LEGAL ACTION AGAINST US

**A.** No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part **A**, no legal action may be brought against us until:

    **1.** We agree in writing that the **insured** has an obligation to pay; or

    **2.** The amount of that obligation has been finally determined by judgment after trial.

**B.** No person or organization has any right under this policy to bring us into any action to determine the liability of an **insured**.

Copyright, Insurance Services Office, Inc., 1997

**OUR RIGHT TO RECOVER PAYMENT**

**A.** If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

   **1.** Whatever is necessary to enable us to exercise our rights; and

   **2.** Nothing after loss to prejudice them.

However, our rights in this Paragraph (**A.**) do not apply under Part **D**, against any person using **your covered auto** with a reasonable belief that that person is entitled to do so.

**B.** If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

   **1.** Hold in trust for us the proceeds of the recovery; and

   **2.** Reimburse us to the extent of our payment.

**POLICY PERIOD AND TERRITORY**

**A.** This policy applies only to accidents and losses which occur:

   **1.** During the policy period as shown in the Declarations; and

   **2.** Within the policy territory.

**B.** The policy territory is:

   **1.** The United States of America, its territories or possessions;

   **2.** Puerto Rico; or

   **3.** Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

**TERMINATION**

**A. Cancellation**

This policy may be cancelled during the policy period as follows:

   **1.** The named insured shown in the Declarations may cancel by:

     **a.** Returning this policy to us; or

     **b.** Giving us advance written notice of the date cancellation is to take effect.

   **2.** We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

     **a.** At least 10 days notice:

       **(1)** If cancellation is for nonpayment of premium; or

       **(2)** If notice is mailed during the first 60 days this policy is in effect and this is not a renewal or continuation policy; or

     **b.** At least 20 days notice in all other cases.

   **3.** After this policy is in effect for 60 days, or if this is a renewal or continuation policy, we will cancel only:

     **a.** For nonpayment of premium; or

     **b.** If your driver's license or that of:

       **(1)** Any driver who lives with you; or

       **(2)** Any driver who customarily uses **your covered auto**;

     has been suspended or revoked. This must have occurred:

       **(1)** During the policy period; or

       **(2)** Since the last anniversary of the original effective date if the policy period is other than 1 year; or

     **c.** If the policy was obtained through material misrepresentation.

**B. Nonrenewal**

If we decide not to renew or continue this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 20 days before the end of the policy period. Subject to this notice requirement, if the policy period is:

   **1.** Less than 6 months, we will have the right not to renew or continue this policy every 6 months, beginning 6 months after its original effective date.

   **2.** 6 months or longer, but less than one year, we will have the right not to renew or continue this policy at the end of the policy period.

   **3.** 1 year or longer, we will have the right not to renew or continue this policy at each anniversary of its original effective date.

**C. Automatic Termination**

If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

 Copyright, Insurance Services Office, Inc., 1997

If you obtain other insurance on **your covered auto**, any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

**D. Other Termination Provisions**

1. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

2. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

3. The effective date of cancellation stated in the notice shall become the end of the policy period.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

**A.** Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and

2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto.**

**B.** Coverage will only be provided until the end of the policy period.

**TWO OR MORE AUTO POLICIES**

If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.

**MUTUAL PROVISIONS**

This policy is non-assessable. This means your only financial obligation is the premium for your insurance. You shall be entitled to such dividends as may be declared by the board of directors.

By virtue of this policy you are a member of the Amica Mutual Insurance Company and entitled to vote either in person or by proxy at all meetings of the Company. The annual meetings are held at its home office on the second Thursday of February in each year at 9:00 A.M.

---

This policy is signed on behalf of Amica Mutual Insurance Company by our President and Secretary at Lincoln, Rhode Island, and countersigned on the Declarations by our authorized agent or representative.

*Robert K MacFgue*
Secretary

*Thomas A. Taylor*
President

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## UNINSURED/UNDERINSURED MOTORISTS COVERAGE - DISTRICT OF COLUMBIA

**PP 04 56 06 98**

**Part C - Uninsured Motorists Coverage** is replaced by the following:

### SCHEDULE

Coverage is provided where a premium and a limit of liability is shown for the coverage.

| Description Of Vehicle | | | | |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

| Coverages | | Limit Of Liability | Premium Veh. 1 | Veh. 2 | Veh. 3 |
|---|---|---|---|---|---|
| Uninsured Motorists: | Bodily Injury | $ Each Person | $ | | |
| | | $ Each Accident | | | |
| | Property Damage | $ Each Accident | $ | | |
| | | $ Each Person | | $ | |
| | | $ Each Accident | | | |
| | | $ Each Accident | | $ | |
| | | $ Each Person | | | $ |
| | | $ Each Accident | | | |
| | | $ Each Accident | | | $ |
| Underinsured Motorists: | Bodily Injury | $ Each Person | $ | | |
| | | $ Each Accident | | | |
| | Property Damage | $ Each Accident | $ | | |
| | | $ Each Person | | $ | |
| | | $ Each Accident | | | |
| | | $ Each Accident | | $ | |
| | | $ Each Person | | | $ |
| | | $ Each Accident | | | |
| | | $ Each Accident | | | $ |

**INSURING AGREEMENT**

**A.** We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or an **underinsured motor vehicle** where such coverage is indicated as applicable in the Schedule or Declarations because of:

**1. Bodily injury** sustained by an **insured** and caused by an accident; and

**2. Property damage** caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle** or **underinsured motor vehicle**. We will pay damages under this coverage caused by an accident with an **underinsured motor vehicle** only after the limits of liability under any liability bonds or policies applicable to the **underinsured motor** vehicle have been exhausted by payment of judgments or settlements.

Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

**B.** "**Insured**" as used in this endorsement means:

**1.** You or any **family member.**

**2.** Any other person **occupying your covered auto.**

**3.** Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person described in **1.** or **2.** above.

**C.** "**Property damage**" as used in this endorsement means injury to or destruction of:

**1. Your covered auto.**

## UNINSURED/UNDERINSURED MOTORISTS COVERAGE - DISTRICT OF COLUMBIA
**PP 04 56 06 98**

**2.** Any property owned by a person listed in **1.** or **2.** of **insured** while contained in **your covered auto.**

**D.** "**Underinsured motor vehicle**" means a land motor vehicle or trailer of any type to which a liability bond or policy applies at the time of the accident in limits equal to or greater than the minimum limit specified in the District of Columbia no-fault law but less than the limit of liability for this coverage.

However, "**underinsured motor vehicle**" does not include:

**1.** An **uninsured motor vehicle**; or

**2.** Any vehicle or equipment owned or operated by a self-insurer under any applicable motor vehicle law.

**E.** "**Uninsured motor vehicle**" means a land motor vehicle or trailer of any type:

**1.** To which no liability bond or policy applies at the time of the accident.

**2.** To which a liability bond or policy applies at the time of the accident. In this case its limit of liability must be less than the minimum limit for liability specified in the District of Columbia no-fault law.

**3.** Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

   **a.** You or any **family member;**
   **b.** A vehicle which you or any **family member** are **occupying;** or
   **c.** **Your covered auto.**

**4.** To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

   **a.** Denies coverage; or

   **b.** Is or becomes insolvent.

However, "**uninsured motor vehicle**" does not include:

**1.** An **underinsured motor vehicle**; or

**2.** Any vehicle or equipment owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

**F.** In addition, neither "**uninsured motor vehicle**" nor "**underinsured motor vehicle**" includes any vehicle or equipment:

**1.** Owned by or furnished or available for the regular use of you or any **family member.**

**2.** Owned by any governmental unit or agency.

**3.** Operated on rails or crawler treads.

**4.** Designed mainly for use off public roads while not on public roads.

**5.** While located for use as a residence or premises.

## EXCLUSIONS

**A.** We do not provide Uninsured Motorists Coverage or Underinsured Motorists Coverage for **property damage** or **bodily injury** sustained:

**1.** By an **insured** while **occupying,** or when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

**2.** By any **family member** while **occupying,** or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

**B.** We do not provide Uninsured Motorists Coverage or Underinsured Motorists Coverage for **property damage** or **bodily injury** sustained by any **insured:**

**1.** If that **insured** or the legal representative settles the **bodily injury** or **property damage** claim without our consent.

**2.** When **your covered auto** is being used to carry persons or property for a fee. This Exclusion (**B.2.**) does not apply to a share-the-expense car pool.

**3.** Using a vehicle without a reasonable belief that that **insured** is entitled to do so. This Exclusion (**B.3.**) does not apply to a **family member** using **your covered auto** which is owned by you.

**4.** For the first $200 of the amount of **property damage** to the property of each **insured** as the result of any one accident.

**C.** This coverage shall not apply directly or indirectly to benefit:

**1.** Any insurer or self-insurer under any of the following or similar law:

   **a.** Workers' compensation law; or

   **b.** Disability benefits law.

 Copyright, Insurance Services Office, Inc., 1997

# UNINSURED/UNDERINSURED MOTORISTS COVERAGE - DISTRICT OF COLUMBIA
**PP 04 56 06 98**

2. Any insurer of property.

**D.** We do not provide Uninsured Motorists Coverage or Underinsured Motorists Coverage for punitive or exemplary damages.

## LIMIT OF LIABILITY

**A.** With respect to the Uninsured Motorists Coverage/Underinsured Motorists Coverage indicated as applicable in the Schedule or in the Declarations for damages caused by an accident with an **uninsured motor vehicle** or **underinsured motor vehicle** respectively:

1. The limit of Bodily Injury Liability shown for each person is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **bodily injury** sustained by any one person in any one accident.

2. Subject to this limit for each person, the limit of Bodily Injury Liability shown for each accident is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident.

3. The limit of Property Damage Liability shown for each accident is our maximum limit of liability for all **property damage** resulting from any one accident.

This is the most we will pay regardless of the number of:

1. **Insureds**;

2. Claims made;

3. Vehicles or premiums shown in the Schedule or in the Declarations; or

4. Vehicles involved in the accident.

**B.** No one will be entitled to receive duplicate payments for the same elements of loss under Uninsured Motorists coverage and:

1. Part **A** or Part **B** of this policy;

2. Any Underinsured Motorists Coverage provided by this policy; or

3. Personal Injury Protection Coverage.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under Underinsured Motorists coverage and:

1. Part **A** or Part **B** of this policy;

2. Any Uninsured Motorists Coverage provided by this policy; or

3. Personal Injury Protection Coverage.

**D.** We will not make a duplicate payment under either Uninsured Motorists Coverage or Underinsured Motorists Coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

**E.** We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

1. Workers' compensation law; or

2. Disability benefits law.

**F.** No payment will be made for loss paid or payable to the **insured** under Part **D** of the policy.

## OTHER INSURANCE

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided by this endorsement:

1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

2. Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing such coverage on a primary basis.

3. If the coverage under this policy is provided:

   **a.** On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

   **b.** On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

Copyright, Insurance Services Office, Inc., 1997

## UNINSURED/UNDERINSURED MOTORISTS COVERAGE - DISTRICT OF COLUMBIA
### PP 04 56 06 98

**ARBITRATION**

**A.** If we and the **insured** do not agree:

1. Whether that **insured** is legally entitled to recover damages; or

2. As to the amount of damages which are recoverable by that **insured**;

from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle**, the **insured** may request that the claim be resolved by the Board of Consumer Claims Arbitration for the District of Columbia. However, disputes concerning coverage under this Part may not be arbitrated.

If we agree, the Board may hear and decide the matter. A decision agreed to by the Board will be binding.

**B.** However, if we do not agree:

1. The Board of Consumer Claims Arbitration for the District of Columbia will be disqualified from arbitrating the matter; and

2. Both parties must agree to arbitration.

If so agreed, each party will select an arbitrator. The two arbitrators will select a third.

If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

**C.** Each party will:

1. Pay the expenses it incurs; and

2. Bear the expenses of the third party equally.

**D.** Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the **insured** is legally entitled to recover damages; and

2. The amount of damages. This applies only if the amount does not exceed the minimum limit of liability specified by the District of Columbia no-fault law. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

**Amica Mutual Insurance Company**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## AMENDMENT OF POLICY PROVISIONS - DISTRICT OF COLUMBIA

**PP 01 64 06 98**

**I. Suspension Of Policy Coverage**

The following provision is added:

In accordance with the requirements of the District of Columbia no-fault law, all policy coverages shall be suspended for you, or any **family member**, who operates any vehicle during any period when that person's driver's license is suspended or revoked.

**II. Part A - Liability Coverage**

The following exclusion is added to Part **A**:

We do not provide Liability Coverage for any **insured** for **bodily injury** to you or any **family member** to the extent that the limits of liability for this coverage exceed the limits of liability required by the District of Columbia's Compulsory No-Fault Motor Vehicle Insurance Act.

**III. Part B - Medical Payments Coverage**

The following is added under the **Limit Of Liability** Provision of Part **B**:

No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Personal Injury Protection Coverage.

**IV. Part F - General Provisions**

Part **F** is amended as follows:

**A.** Paragraph **A.** of the **Our Right To Recover Payment** Provision does not apply to Part **C**.

**B.** The **Termination** Provision is replaced by the following:

**TERMINATION**

**Cancellation**

This policy may be cancelled during the policy period as follows:

**1.** The named insured shown in the Declarations may cancel by:

    **a.** Returning this policy to us; or

    **b.** Giving us advanced written notice of the date cancellation is to take effect.

**2.** We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy or to the named insured's last known address at least 10 days notice if the notice is mailed during the first 60 days this policy is in effect

and this is not a renewal or continuation policy.

**3.** After this policy is in effect for more than 60 days, or if this is a renewal or continuation policy, we will cancel:

    **a.** By mailing to the named insured shown in the Declarations at the address shown in this policy or to the named insured's last known address at least 30 days written notice; and

    **b.** Only:

        **(1)** For nonpayment of premium; or

        **(2)** If your driver's license or that of:

            **(a)** Any driver who lives with you; or

            **(b)** Any driver who customarily uses **your covered auto**;

        has been suspended or revoked. This must have occurred:

        **(a)** During the policy period; or

        **(b)** Since the last anniversary of the original effective date if the policy period is other than 1 year; or

        **(3)** If the policy was obtained through material misrepresentation.

**Nonrenewal**

If we decide not to renew or continue this policy, we will mail written notice to the named insured shown in the Declarations at the address shown in this policy or to the named insured's last known address. The written notice will be mailed at least 30 days before the end of the policy period. Subject to this notice requirement, if the policy period is:

**1.** Less than 6 months, we will have the right not to renew or continue this policy every 6 months, beginning 6 months after its original effective date.

**2.** 6 months or longer, but less than 1 year, we will have the right not to renew or continue this policy at the end of the policy period.

**3.** 1 year or longer, we will have the right not to renew or continue this policy at each anniversary of its original effective date.

**Automatic Termination**

If you obtain other insurance on **your covered auto**, any similar insurance provided by this

## AMENDMENT OF POLICY PROVISIONS - DISTRICT OF COLUMBIA

**PP 01 64 06 98**

policy will terminate as to that auto on the effective date of the other insurance.

**Other Termination Provisions**

1. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

2. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

3. The effective date of cancellation stated in the notice shall become the end of the policy period.


**Amica Mutual Insurance Company**

Copyright, Insurance Services Office, Inc., 1997

## AMENDMENT OF PERSONAL AUTO POLICY PROVISIONS

**AM 00 28 12 01**

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

### PART A - LIABILITY COVERAGE

**SUPPLEMENTARY PAYMENTS**

Paragraphs **1.** and **4.** are replaced by the following:

In addition to our limit of liability, we will pay on behalf of an **insured**:

**1.** Up to $1,000 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **bodily injury** or **property damage** covered under this policy.

**4.** Loss of earnings, but not other income, because of attendance at hearings or trials at our request.

**EXCLUSIONS**

The following exclusion is added to **PART A - LIABILITY COVERAGE**

We do not provide coverage for:

fines, penalties, double or treble damages; punitive, exemplary or vindictive damages; or any other type of added damages intended to punish or deter wrongful conduct rather than as compensation for actual damages.

### PART C - UNINSURED MOTORISTS COVERAGE

With respect to any form of Uninsured Motorists Coverage, Underinsured Motorists Coverage, Uninsured/Underinsured Motorists Coverage and/or Property Damage Uninsured Motorists Coverage afforded under this policy, the following exclusion replaces any exclusion that pertains to punitive or exemplary damages, wherever found in the policy or its endorsements:

We do not provide coverage for:

fines, penalties, double or treble damages; punitive, exemplary or vindictive damages; or any other type of added damages intended to punish or deter wrongful conduct rather than as compensation for actual damages.

### PART D - COVERAGE FOR DAMAGE TO YOUR AUTO

The following is added to the **INSURING AGREEMENT**:

We will pay under Other Than Collision Coverage for the cost of repairing the damaged windshield on **your covered auto** without a deductible. We will pay only if the damage is repairable without completely replacing the windshield and if the Declarations indicates that Other Than Collision Coverage applies.

We will pay under Other Than Collision Coverage for the cost of repairing or replacing a deployed airbag on **your covered auto** without a deductible. We will pay only if the Declarations indicates that Other Than Collision Coverage applies.

We will pay for lock replacement on **your covered auto** without a deductible if your keys are lost or stolen. We will pay only if the Declarations indicates that Other Than Collision Coverage applies.

The following replaces Paragraph **B.** under the **LIMIT OF LIABILITY**:

**B.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total loss. However, if **your covered auto**:

**1.** Is a new vehicle, not previously titled under the motor vehicle laws of any state; and

## AMENDMENT OF PERSONAL AUTO POLICY PROVISIONS

AM 00 28 12 01

2.  A total loss occurs within 180 days of your original purchase;

we will not adjust the total loss for depreciation or normal wear and tear in determining actual cash value.

**Amica Mutual Insurance Company**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## SINGLE LIABILITY LIMIT

**PP 03 09 06 98**

### SCHEDULE

**Liability Coverage**                         $_____ each accident

Paragraph **A.** of the **Limit Of Liability** Provision in Part **A** is replaced by the following:

**LIMIT OF LIABILITY**

The limit of liability shown in the Schedule or in the Declarations for Liability Coverage is our maximum limit of liability for all damages resulting from any one auto accident.  This is the most we will pay regardless of the number of:

1. **Insureds**;

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate limits required by law for bodily injury and property damage liability.  However, this Provision will not change our total limit of liability.

**Amica Mutual Insurance Company**

    Copyright, Insurance Services Office, Inc., 1997

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## SINGLE UNINSURED/UNDERINSURED MOTORISTS LIMITS

PP 04 50 06 98

### SCHEDULE

| Description Of Vehicle | | | | |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

| | | Premium | | |
|---|---|---|---|---|
| Coverages | Limit Of Liability | Veh. 1 | Veh. 2 | Veh. 3 |
| Uninsured Motorists | $          Each Accident | $ | | |
| | $          Each Accident | | $ | |
| | $          Each Accident | | | $ |
| Underinsured Motorists | $          Each Accident | $ | | |
| | $          Each Accident | | $ | |
| | $          Each Accident | | | $ |

Paragraph **A.** of the **Limit Of Liability** Provision in the Uninsured/Underinsured Motorists Coverage Endorsement is replaced by the following:

### LIMIT OF LIABILITY

**A.** The limit of liability shown in the Schedule or in the Declarations for Uninsured Motorists Coverage is our maximum limit of liability for all damages resulting from any one accident with an **uninsured motor vehicle.** The limit of liability shown in the Schedule or in the Declarations for Underinsured Motorists Coverage is our

maximum limit of liability for all damages resulting from any one accident with an **underinsured motor vehicle.** This is the most we will pay regardless of the number of:

**1. Insureds;**

**2.** Claims made;

**3.** Vehicles or premiums shown in the Schedule or in the Declarations; or

**4.** Vehicles involved in the accident.

### Amica Mutual Insurance Company

Copyright, Insurance Services Office, Inc., 1997

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## COVERAGE FOR DAMAGE TO YOUR AUTO EXCLUSION ENDORSEMENT

PP 13 01 12 99

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

**I. Definitions**

The following definition is added:

**"Diminution in value"** means the actual or perceived loss in market or resale value which results from a direct and accidental loss.

**II. Part D - Coverage For Damage To Your Auto**

The following exclusion is added:

We will not pay for:

Loss to **your covered auto** or any **non-owned auto** due to **diminution in value.**

**Amica Mutual Insurance Company**

Copyright, Insurance Services Office, Inc., 1999

Policy Number  950608-20BS

KRISTEN HUMANN

# IMPORTANT NOTICE

If you are paying your premium by installments, the premium adjustment shown on the enclosed endorsement will be charged or credited on your remaining unbilled installments.  If only one installment is unbilled,  the entire premium adjustment will be reflected on the installment.

If you have any questions concerning either your policy balance or your account balance, you may call our Automated Account Inquiry System at 1-800-49-Amica.

---

## AMICA MUTUAL INSURANCE COMPANY
PO Box 6008, Providence, RI 02940-6008

**AMENDED DECLARATIONS**

In consideration of
as follows: CHANGE PREMIUMS

premium of    NONE

Page 1 of 3
we agree that the policy declarations are changed
08

Changes are Effective  JUNE 25, 2004
issued by the AMICA MUTUAL INSURANCE COMPANY

( 12:01 A.M.
Standard Time ) Attached to and forming part of Policy No. 950608-20BS

**NAMED INSURED AND ADDRESS**

KRISTEN HUMANN
3101 NEW MEXICO AVE NW APT 812
WASHINGTON DC 20016

**POLICY PERIOD: 12:01 A.M., STANDARD TIME**

From: JUNE 25, 2004
To: JUNE 25, 2005

| Auto No. | DESCRIPTION OF AUTO(S) OR TRAILER(S) | LOSS PAYEE |
|---|---|---|
| 1 | 2001 MERCEDES-BENZ C240/SPORT SEDAN VIN WDBRF61J51F111575 USE: PLEASURE | |
| | | |
| | | |
| | | |
| | | |
| | | |

The Auto(s) or Trailer(s) described in this policy is principally garaged at the above address unless otherwise stated.

SAFE DRIVER RATES APPLY.

**RATES ARE BASED ON THE FOLLOWING HOUSEHOLD DRIVERS**

| Driver | NAME | DRIVER'S LICENSE NUMBER | Date of Birth Mo. Day Year | Male or Female | Married or Single | Date First Licensed Mo. Year |
|---|---|---|---|---|---|---|
| 1 | KRISTEN HUMANN | 9579838 | 02 28 69 | F | M | 02 85 |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |

CONTINUATION OF AMENDED DECLARATIONS FOR PERSONAL AUTO POLICY NO.  950608-20BS

08

**NAMED INSURED AND ADDRESS**
KRISTEN HUMANN
3101 NEW MEXICO AVE NW APT 812
WASHINGTON DC 20016

| COVERAGE IS PROVIDED WHERE A LIMIT OF LIABILITY IS SHOWN FOR THE COVERAGE | | | |
|---|---|---|---|
| **COVERAGES** | | **LIMIT OF LIABILITY** | |
| | | | AUTO 1 2001 MERC |
| **A. LIABILITY** each accident | | | $ 500,000 |
| **B. MEDICAL PAYMENTS** each person | | | |
| **C. UNINSURED MOTORISTS** each accident | | | $ 500,000 |
| **D. DAMAGE TO YOUR AUTO** (ACV means Actual Cash Value) | | | |
| 1. Collision Loss | | | |
| ACV minus deductible of | | | $ 500 |
| 2. Other Than Collision Loss | | | |
| ACV minus deductible of | | | $ 200 |
| **TOWING AND LABOR COSTS** each disablement | | | |

**PARKING ARRANGEMENTS**
AUTO 1      IN GARAGE

08

CONTINUATION OF AMENDED DECLARATIONS FOR PERSONAL AUTO POLICY NO. 950608-20BS

**NAMED INSURED AND ADDRESS**
　　KRISTEN HUMANN
　　3101 NEW MEXICO AVE NW APT 812
　　WASHINGTON DC 20016

| SPECIAL DISCOUNTS |
|---|
| ANTI-LOCK BRAKING SYSTEM AUTO 1 |
| ANTI-THEFT DEVICE DISCOUNT AUTO 1 |

| Form and Endorsements made part of this policy: |
|---|
| PP 00 01 06 98   PERSONAL AUTO POLICY |
| PP 01 64 06 98   AMENDMENT OF POLICY PROVISIONS - DISTRICT OF COLUMBIA |
| AM 00 28 12 01   AMENDMENT OF PERSONAL AUTO POLICY PROVISIONS |
| PP 03 09 06 98   SINGLE LIABILITY LIMIT |
| PP 04 50 06 98   SINGLE UNINSURED/UNDERINSURED MOTORISTS LIMITS |
| PP 13 01 12 99   COVERAGE FOR DAMAGE TO YOUR AUTO EXCLUSION ENDORSEMENT |
| PP 04 56 06 98   UNINSURED/UNDERINSURED MOTORISTS COVERAGE - DIST. OF COLUMBIA |

This policy shall not be valid unless countersigned by our authorized agent or representative.

Countersigned by _J. Michael McGilligan_

**Authorized Representative**

Policy Number  950608-20BS

KRISTEN QUIGLEY

# IMPORTANT NOTICE

If you are paying your premium by installments, the premium adjustment shown on the enclosed endorsement will be charged or credited on your remaining unbilled installments. If only one installment is unbilled, the entire premium adjustment will be reflected on the installment.

If you have any questions concerning either your policy balance or your account balance, you may call our Automated Account Inquiry System at 1-800-49-Amica.

---

## AMICA MUTUAL INSURANCE COMPANY
PO Box 6008, Providence, RI 02940-6008

**AMENDED DECLARATIONS**                                              Page 1 of 3

In consideration of      premium of   NONE   we agree that the policy declarations are changed
as follows:  CHANGE INSURED                                                   08

Changes are Effective JUNE 25, 2004    ( 12:01 A.M. Standard Time )Attached to and forming part of Policy No. 950608-20BS
issued by the AMICA MUTUAL INSURANCE COMPANY

**NAMED INSURED AND ADDRESS**                **POLICY PERIOD: 12:01 A.M., STANDARD TIME**
    KRISTEN QUIGLEY                            **From:** JUNE 25, 2004
    3101 NEW MEXICO AVE NW APT 812            **To:** JUNE 25, 2005
    WASHINGTON DC 20016

| Auto No. | DESCRIPTION OF AUTO(S) OR TRAILER(S) | LOSS PAYEE |
|---|---|---|
| 1 | 2001 MERCEDES-BENZ C240/SPORT<br>         SEDAN<br>VIN WDBRF61J51F111575<br>USE: PLEASURE | |
| | | |
| | | |
| | | |
| | | |

The Auto(s) or Trailer(s) described in this policy is principally garaged at the above address unless otherwise stated.

SAFE DRIVER RATES APPLY.

**RATES ARE BASED ON THE FOLLOWING HOUSEHOLD DRIVERS**

| Driver | NAME | DRIVER'S LICENSE NUMBER | Date of Birth Mo. Day Year | Male or Female | Married or Single | Date First Licensed Mo. Year |
|---|---|---|---|---|---|---|
| 1 | KRISTEN QUIGLEY | 9579838 | 02 28 69 | F | M | 02 85 |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |

CONTINUATION OF AMENDED DECLARATIONS FOR PERSONAL AUTO POLICY NO. 950608-20BS

08

**NAMED INSURED AND ADDRESS**
KRISTEN QUIGLEY
3101 NEW MEXICO AVE NW APT 812
WASHINGTON DC 20016

| COVERAGES | COVERAGE IS PROVIDED WHERE A LIMIT OF LIABILITY IS SHOWN FOR THE COVERAGE | | LIMIT OF LIABILITY |
|---|---|---|---|
| | | | AUTO 1 2001 MERC |
| A. LIABILITY                              each accident | | | $ 500,000 |
| B. MEDICAL PAYMENTS                     each person | | | |
| C. UNINSURED MOTORISTS                each accident | | | $ 500,000 |
| D. DAMAGE TO YOUR AUTO    (ACV means Actual Cash Value) | | | |
| 1. Collision Loss | | | |
| ACV minus deductible of | | | $ 500 |
| 2. Other Than Collision Loss | | | |
| ACV minus deductible of | | | $ 200 |
| TOWING AND LABOR COSTS          each disablement | | | |

**PARKING ARRANGEMENTS**
AUTO 1     IN GARAGE

**CONTINUATION OF AMENDED DECLARATIONS FOR PERSONAL AUTO POLICY NO.** 950608-20BS 08

**NAMED INSURED AND ADDRESS**
KRISTEN QUIGLEY
3101 NEW MEXICO AVE NW APT 812
WASHINGTON DC 20016

**SPECIAL DISCOUNTS**

ANTI-LOCK BRAKING SYSTEM AUTO 1
ANTI-THEFT DEVICE DISCOUNT AUTO 1

**Form and Endorsements made part of this policy:**

PP 00 01 06 98   PERSONAL AUTO POLICY
PP 01 64 06 98   AMENDMENT OF POLICY PROVISIONS - DISTRICT OF COLUMBIA
AM 00 28 12 01   AMENDMENT OF PERSONAL AUTO POLICY PROVISIONS
PP 03 09 06 98   SINGLE LIABILITY LIMIT
PP 04 50 06 98   SINGLE UNINSURED/UNDERINSURED MOTORISTS LIMITS
PP 13 01 12 99   COVERAGE FOR DAMAGE TO YOUR AUTO EXCLUSION ENDORSEMENT
PP 04 56 06 98   UNINSURED/UNDERINSURED MOTORISTS COVERAGE - DIST. OF COLUMBIA

This policy shall not be valid unless countersigned by our authorized agent or representative.

Countersigned by......... *J. Michael McGilligan*

**Authorized Representative**

Policy Number  950608-20BS

KRISTEN QUIGLEY

## IMPORTANT NOTICE

If you are paying your premium by installments, the premium adjustment shown on the enclosed endorsement will be charged or credited on your remaining unbilled installments. If only one installment is unbilled, the entire premium adjustment will be reflected on the installment.

If you have any questions concerning either your policy balance or your account balance, you may call our Automated Account Inquiry System at 1-800-49-Amica.

---

## AMICA MUTUAL INSURANCE COMPANY
PO Box 6008, Providence, RI 02940-6008

EXHIBIT

2

tabbies®

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## UNINSURED/UNDERINSURED MOTORISTS COVERAGE - DISTRICT OF COLUMBIA

**PP 04 56 06 98**

Part C - **Uninsured Motorists Coverage** is replaced by the following:

**SCHEDULE**

Coverage is provided where a premium and a limit of liability is shown for the coverage.

| Description Of Vehicle | | | | | |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |

| | | | | Premium | |
|---|---|---|---|---|---|
| **Coverages** | | **Limit Of Liability** | **Veh. 1** | **Veh. 2** | **Veh. 3** |
| Uninsured Motorists: | Bodily Injury | $ Each Person | $ | | |
| | | $ Each Accident | | | |
| | Property Damage | $ Each Accident | $ | | |
| | | $ Each Person | | $ | |
| | | $ Each Accident | | | |
| | | $ Each Accident | | $ | |
| | | $ Each Person | | | $ |
| | | $ Each Accident | | | |
| | | $ Each Accident | | | $ |
| Underinsured Motorists: | Bodily Injury | $ Each Person | $ | | |
| | | $ Each Accident | | | |
| | Property Damage | $ Each Accident | $ | | |
| | | $ Each Person | | $ | |
| | | $ Each Accident | | | |
| | | $ Each Accident | | $ | |
| | | $ Each Person | | | $ |
| | | $ Each Accident | | | |
| | | $ Each Accident | | | $ |

**INSURING AGREEMENT**

**A.** We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or an **underinsured motor vehicle** where such coverage is indicated as applicable in the Schedule or Declarations because of:

1. **Bodily injury** sustained by an **insured** and caused by an accident; and

2. **Property damage** caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle** or **underinsured motor vehicle.** We will pay damages under this coverage caused by an accident with an **underinsured motor vehicle** only after the limits of liability under any liability bonds or policies applicable to the **underinsured motor**

vehicle have been exhausted by payment of judgments or settlements.

Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

**B.** "**Insured**" as used in this endorsement means:

1. You or any **family member.**

2. Any other person **occupying your covered auto.**

3. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person described in **1.** or **2.** above.

**C.** "**Property damage**" as used in this endorsement means injury to or destruction of:

1. **Your covered auto.**

Copyright, Insurance Services Office, Inc., 1997

# UNINSURED/UNDERINSURED MOTORISTS COVERAGE - DISTRICT OF COLUMBIA
## PP 04 56 06 98

**2.** Any property owned by a person listed in **1.** or **2.** of **insured** while contained in **your covered auto.**

**D.** **"Underinsured motor vehicle"** means a land motor vehicle or trailer of any type to which a liability bond or policy applies at the time of the accident in limits equal to or greater than the minimum limit specified in the District of Columbia no-fault law but less than the limit of liability for this coverage.

However, **"underinsured motor vehicle"** does not include:

**1.** An **uninsured motor vehicle;** or

**2.** Any vehicle or equipment owned or operated by a self-insurer under any applicable motor vehicle law.

**E.** **"Uninsured motor vehicle"** means a land motor vehicle or trailer of any type:

**1.** To which no liability bond or policy applies at the time of the accident.

**2.** To which a liability bond or policy applies at the time of the accident. In this case its limit of liability must be less than the minimum limit for liability specified in the District of Columbia no-fault law.

**3.** Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

   **a.** You or any **family member;**
   **b.** A vehicle which you or any **family member** are **occupying;** or
   **c.** **Your covered auto.**

**4.** To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

   **a.** Denies coverage; or

   **b.** Is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include:

**1.** An **underinsured motor vehicle;** or

**2.** Any vehicle or equipment owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

**F.** In addition, neither **"uninsured motor vehicle"** nor **"underinsured motor vehicle"** includes any vehicle or equipment:

**1.** Owned by or furnished or available for the regular use of you or any **family member.**

**2.** Owned by any governmental unit or agency.

**3.** Operated on rails or crawler treads.

**4.** Designed mainly for use off public roads while not on public roads.

**5.** While located for use as a residence or premises.

## EXCLUSIONS

**A.** We do not provide Uninsured Motorists Coverage or Underinsured Motorists Coverage for **property damage** or **bodily injury** sustained:

**1.** By an **insured** while **occupying,** or when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

**2.** By any **family member** while **occupying,** or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

**B.** We do not provide Uninsured Motorists Coverage or Underinsured Motorists Coverage for **property damage** or **bodily injury** sustained by any **insured**:

**1.** If that **insured** or the legal representative settles the **bodily injury** or **property damage** claim without our consent.

**2.** When **your covered auto** is being used to carry persons or property for a fee. This Exclusion (**B.2.**) does not apply to a share-the-expense car pool.

**3.** Using a vehicle without a reasonable belief that **insured** is entitled to do so. This Exclusion (**B.3.**) does not apply to a **family member** using **your covered auto** which is owned by you.

**4.** For the first $200 of the amount of **property damage** to the property of each **insured** as the result of any one accident.

**C.** This coverage shall not apply directly or indirectly to benefit:

**1.** Any insurer or self-insurer under any of the following or similar law:

   **a.** Workers' compensation law; or

   **b.** Disability benefits law.

## UNINSURED/UNDERINSURED MOTORISTS COVERAGE - DISTRICT OF COLUMBIA
**PP 04 56 06 98**

**2.** Any insurer of property.

**D.** We do not provide Uninsured Motorists Coverage or Underinsured Motorists Coverage for punitive or exemplary damages.

### LIMIT OF LIABILITY

**A.** With respect to the Uninsured Motorists Coverage/Underinsured Motorists Coverage indicated as applicable in the Schedule or in the Declarations for damages caused by an accident with an **uninsured motor vehicle** or **underinsured motor vehicle** respectively:

**1.** The limit of Bodily Injury Liability shown for each person is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **bodily injury** sustained by any one person in any one accident.

**2.** Subject to this limit for each person, the limit of Bodily Injury Liability shown for each accident is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident.

**3.** The limit of Property Damage Liability shown for each accident is our maximum limit of liability for all **property damage** resulting from any one accident.

This is the most we will pay regardless of the number of:

**1. Insureds**;

**2.** Claims made;

**3.** Vehicles or premiums shown in the Schedule or in the Declarations; or

**4.** Vehicles involved in the accident.

**B.** No one will be entitled to receive duplicate payments for the same elements of loss under Uninsured Motorists coverage and:

**1.** Part **A** or Part **B** of this policy;

**2.** Any Underinsured Motorists Coverage provided by this policy; or

**3.** Personal Injury Protection Coverage.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under Underinsured Motorists coverage and:

**1.** Part **A** or Part **B** of this policy;

**2.** Any Uninsured Motorists Coverage provided by this policy; or

**3.** Personal Injury Protection Coverage.

**D.** We will not make a duplicate payment under either Uninsured Motorists Coverage or Underinsured Motorists Coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

**E.** We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

**1.** Workers' compensation law; or

**2.** Disability benefits law.

**F.** No payment will be made for loss paid or payable to the **insured** under Part **D** of the policy.

### OTHER INSURANCE

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided by this endorsement:

**1.** Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

**2.** Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing such coverage on a primary basis.

**3.** If the coverage under this policy is provided:

**a.** On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

**b.** On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

Copyright, Insurance Services Office, Inc., 1997

## UNINSURED/UNDERINSURED MOTORISTS COVERAGE - DISTRICT OF COLUMBIA
**PP 04 56 06 98**

### ARBITRATION

**A.** If we and the **insured** do not agree:

1. Whether that **insured** is legally entitled to recover damages; or

2. As to the amount of damages which are recoverable by that **insured**;

from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle**, the **insured** may request that the claim be resolved by the Board of Consumer Claims Arbitration for the District of Columbia. However, disputes concerning coverage under this Part may not be arbitrated.

If we agree, the Board may hear and decide the matter. A decision agreed to by the Board will be binding.

**B.** However, if we do not agree:

1. The Board of Consumer Claims Arbitration for the District of Columbia will be disqualified from arbitrating the matter; and

2. Both parties must agree to arbitration.

If so agreed, each party will select an arbitrator. The two arbitrators will select a third.

If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

**C.** Each party will:

1. Pay the expenses it incurs; and

2. Bear the expenses of the third party equally.

**D.** Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the **insured** is legally entitled to recover damages; and

2. The amount of damages. This applies only if the amount does not exceed the minimum limit of liability specified by the District of Columbia no-fault law. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

**Amica Mutual Insurance Company**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
**Civil Division**

| | | |
|---|---|---|
| **KRISTEN H. QUIGLEY et al.** | * | |
| Plaintiffs | * | |
| | * | Case No. 1:07-cv-01873-JDB |
| v. | * | |
| **WENDY J. COLLINS et al.** | * | |
| Defendants | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## ANSWERS TO INTERROGATORIES

To:        Mark S McDowell and Bilman Company Inc.

FROM:        Wendy Collins

(a)        The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes the knowledge of the party's agents, representatives and attorney, unless privileged.

(b)        The word usage and sentence structure is that of the attorney, and does not purport to be the exact language of the executing party.

## ANSWERS

1.        State your name, address, Social Security number, date of birth and marital status.

ANSWER:    Wendy Collins, 3819 Boteler Road, Mt. Airy, MD 21771, 217 - 92 - 1934, October 2, 1970, married.

2.        Identify all persons known to you or your attorney who have knowledge of any facts pertaining to

EXHIBIT
3

the happening or circumstances of the occurrence alleged in the Complaint, including but not limited to both liability and damages issues. Indicate which of such persons were eyewitnesses, and state what their connection was with the alleged occurrence.

**ANSWER: In addition to myself, individuals listed on the police report may have knowledge of this accident. Dale Smallwood, with Professional Appraisal Services, did an estimate of the plaintiff's car.**

3.      Do you or any of your agents have photographs of the scene of the occurrence, or any of the automobiles or individuals involved in said accident, or any other photographs relevant to this case? If so, state the date each photograph was taken and the name and address of the photographer. Please attach a copy of all photographs to your answers.

**ANSWER: None**

4.      Have you made a claim or brought any type of action against any insurance company or entity for the other driver in the accident? If so, please identify the insurance carrier and identify and produce all documents relating to said claim or action and identify all persons contacted or who otherwise have knowledge of said claim or action. In addition, provide the dates of all contacts made by you or on your behalf with said insurance carrier.

**ANSWER:  No**

5.      In your own words, give a concise description of how the accident occurred, including the following: street names, direction of travel of all vehicles involved, distance from other vehicles involved, distance from other vehicle involved when first seen by you, your speed at all times up to the moment of impact, the maneuvers made by you, or your driver to avoid the collision, the exact point of impact of the vehicle in which you were riding with Defendant McDowell's vehicle, and the position of all vehicles in the street or intersection after the collision.

ANSWER: I was traveling on Mac Arthur Boulevard, going into the District of Columbia at about 6:30 p.m. I was in the left lane of two lanes. The traffic ahead of me came to a stop. I hit the car that was stopped in front of me. I am not certain of the distance between my vehicle and the car in front of me. I was driving about 30 mph when I braked.

6.    Have you or your insurance company, on your behalf, entered into any settlement agreement with any of the parties involved in the accident described in the Complaint? If so, please provide a copy of all relevant settlement documents.

ANSWER: Yes. My insurance Company entered into a settlement with Quintin Corbin and according to my attorney the settlement was for $8,750. My attorney, also states that my insurance company entered into a settlement with defendant Mark McDowell for $13,499.25. The settlement documents will be provided when they are obtained from the insurance company, but, the settlement document for Mark McDowell is attached.

7.    If you contend that Defendant McDowell or any other person acted in such a manner as to cause or contribute to this occurrence, indicate the identity of any such other person and give a concise statement of the facts upon which you rely.

ANSWER: I have no knowledge of defendant McDowell, acting in a manner as to cause or contribute to this accident.

8.    Indicate whether any citation, ticket or notice of infraction was issued as a result of the accident. If you were issued such a citation, ticket, or notice of infraction, please identify the reason and the issuing officer.

involved in the treatment of said injuries, the damages to your vehicle, and the names and addresses of the other party or parties involved in the accident.

**ANSWER: No**

14.    If you have made any claims against anyone for personal injuries incurred as a result of any accident occurring prior or subsequent to the one that is the basis of this lawsuit, please state the date and place of the accident involved, the injuries received, and the names and addresses of the other parties involved.

**ANSWER:  No**

15.    Identify all witnesses, including experts, whom you intend to call at the Trial of this matter. If the witness is an expert, please include the address of the witness, the subject matter upon which the expert is expected to testify, and a summary of the facts and opinions as to which each expert is expected to testify.

**ANSWER: This information will be provided in defendant's 26(b)(4) statement.**

16.    State whether you have ever been convicted of any crimes other than minor traffic violations and, if so, give the dates and nature of such crimes, the sentence imposed, and the Court and locations thereof  .

**ANSWER:  No**

17.    At the time of the accident, if a policy or policies of automobile liability insurance covered you and/or the automobile you were in at the time of the collision and/or any other person, state the each policy(ies): the name and address of the insurer; the name and address of

the insured(s); the nature of the coverage; and the limits of liability, including coverage for one person and more than person.

**ANSWER: Nationwide Mutual Insurance Co. My policy limits at the time were 100,000/300,000.**

18.    State the complete itinerary of your travels leading up to the incident alleged in the Complaint and identify your intended destination and estimated time of arrival.

**ANSWER:    To the best of my memory, I was going to 3039 M Street, N.W., Washington, D.C. I believe I was coming from work at 7901 Beechcraft Avenue, Suite C, Gaithersburg, MD 20879. My estimated time of arrival was 7:30 pm.**

**I DO SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING DOCUMENT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.**

Wendy Collins

Law Offices of Andrew B Greenspan

Earnest Franklin, Jr.
8737 Colesville Road, Suite 100
Silver Spring, Maryland   20910
(301) 588-8036
Attorney for Defendant-Collins

**CERTIFICATE OF SERVICE**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**KRISTEN H. QUIGLEY, et al.,**          *

     **Plaintiffs**          *

**v.**          *

**WENDY J. COLLINS, et al.,**          *          **CASE NO.: 1:07-CV-01873-JDB**

     **Defendants**          *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## ORDER

UPON CONSIDERATION OF Defendant Amica Mutual Insurance Company's Motion for Motion for Summary Judgment, and any opposition thereto filed, it is on this ___ day of _____, 2008, by the United States District Court for the District of Columbia, hereby:

ORDERED, that Defendant's Motion be and is GRANTED, and it is further

ORDERED, that Summary Judgment be entered in favor of Amica Mutual Insurance Company as to all claims against it.

 

                    _____
                    The Honorable John D. Bates
                    United States District Judge